<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES F. BROWNE, JR. | Criminal Action No. 20-965 (MAS)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on the United States of America's (the "Government") motions *in limine*. (ECF No. 37.) Defendant Charles F. Browne, Jr. ("Browne") opposed (ECF No. 46), and the Government replied (ECF. No. 49). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1(b), which is applicable to criminal cases under Local Criminal Rule 1.1.

### I.   BACKGROUND

This case arises out of an allegation that Browne received, possessed, and solicited child pornography in Ocean County, New Jersey, during various intervals from 2015 through 2019. According to the Government, Browne used different web-based applications and internet browsers on several electronic devices in his household to receive and store child pornography. The Government contends that immediately after federal agents announced to Browne that they were investigating him for federal offenses involving child exploitation in April 2019, Browne attempted to dispose of those electronic devices by retrieving them from his locked car and throwing them into a local bay. After these events unfolded, the Government retrieved the submerged devices and arrested Browne. Five months later, Browne was indicted with one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), one count of possession of prepubescent child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), one

count of soliciting child pornography in violation of 18 U.S.C. § 2252A(a)(3)(B), and one count of concealment of objects to impede a federal investigation in violation of 18 U.S.C. § 1519.

Now before the Court are several of the Government's *in limine* motions. First, the Government seeks to admit evidence of Browne's prior bad acts as intrinsic to the charges or, in the alternative, under Federal Rules of Evidence 414 and 404(b).[1] Second, the Government seeks a ruling on the admissibility of certified business records for which the Government contends it has accompanying affidavits. Third, the Government seeks to preclude Browne from contesting the authenticity, chain of custody, and scientific analysis of the Government's pre-marked exhibits. Finally, the Government seeks to preclude Browne from referencing potential punishment at trial, including any reference to the mandatory minimum sentences he would be subjected to if convicted. (*See generally* Gov't's Mot. *in Limine*, ECF No. 37-1.) Browne opposes all motions except the last. (*See generally* Def.'s Opp'n Br., ECF No. 46.) The Court addresses each motion in turn.

## II.     LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Federal trial courts often find it appropriate to rule on pre-trial *in limine* motions to exclude or admit certain evidence so that "the court can shield the jury from unfairly prejudicial or irrelevant evidence." *Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002). "The *in limine* motion then fosters efficiency for the court and for counsel by preventing needless argument at trial." *Id.* "Because a ruling on a motion *in limine* is 'subject to change as the case unfolds,' this ruling constitutes a preliminary

---

[1] Hereafter all references to "Rule" or "Rules" refer to the Federal Rules of Evidence.

2

determination in preparation for trial." *United States v. Perez*, No. 09-1153, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 139 (2d Cir. 1996)).

### III.   DISCUSSION

#### A.   The Government's First Motion *in Limine* (Prior Bad Acts)

The Government first moves to admit a variety of evidence branded as Browne's prior bad acts. (Gov't's Mot. *in Limine* 4-35.) Specifically, the Government seeks a ruling on the admissibility of two categories of evidence: (1) evidence extracted from an iPad, iPhone, and email accounts allegedly belonging to Browne that demonstrate someone was soliciting, receiving, and possessing child pornography,[2] and (2) evidence of "child erotica," which the Government describes as images "depict[ing] young girls in a sexually suggestive way but may not be sufficiently lascivious to meet the legal definition of 'sexually explicit conduct' under 18 U.S.C. § 2256." (*Id.* at 4-5.)

In arguing for admissibility, the Government contends that the evidence is allowed under at least one of three theories. (*See id.* at 5-15.) The Government first agues that the evidence is admissible because it is intrinsic to the offenses charged. (*Id.* at 5-6, 17-22 (citing, among other cases, *United States v. Green*, 617 F.3d 233, 248-49 (3d Cir. 2010)).) If the Court disagrees the evidence is intrinsic, the Government argues in the alternative that under Rule 414(a)—a provision allowing evidence of prior acts of child molestation (which includes child pornography)—the evidence is admissible. (*Id.* at 6-12, 22-25 (citing, among other cases, *United States v. Heatherly*, 985 F.3d 254, 268-69 (3d Cir. 2021)).) As a third alternative, the Government contends that the evidence is admissible under Rule 404(b) for a non-propensity purpose—*i.e.*, to show intent,

---

[2] From what the Court can glean, the Government seeks a ruling on the following evidence it intends to introduce at trial: (1) web history, (2) cached files, (3) browser search history, (4) cached forum websites, (5) images and videos depicting child pornography, and (6) email message correspondence. (Gov't's Mot. *in Limine* 15.)

3

knowledge, lack of mistake, and identity. (*Id.* at 12-15, 26-30 (citing, among other cases, *United States v. Galletta*, 662 F. App'x 190, 194 (3d Cir. 2016)).)

Browne counters that the Government should not be permitted to admit "certain evidence of [his] prior acts." (Def.'s Opp'n Br. 2-5.) The centerpiece of his argument is that the "child erotica" should not be admissible under any of the Government's theories. (*See id.*) This is because child erotica is not part of the Superseding Indictment, is not criminal, and in any event should be excluded under Rule 403's balancing test as unfairly prejudicial to Browne. (*Id.*) Outside of child erotica, Browne offers little argument to challenge the remainder of the Government's prior bad act evidence. (*See id.*)

### 1. *Charged Child Pornography, Evidence of Seeking Child Pornography, and Uncharged Child Pornography*

The Court begins with the first part of the Government's motion. It seeks a ruling on the admissibility of evidence found on an iPad, iPhone, and email account (cbrowne651@gmail.com) allegedly belonging to Browne. Such evidence includes extracted data of internet search history, files shared with iTunes, emails, and zip files. Some of the evidence depicts images and videos of child pornography. In assessing the admissibility, the Court examines the proffered evidence categorically.

*First*, the Court rules that the child pornography itself, as the content charged within the time parameters of the Superseding Indictment, is admissible because it "'directly proves' the charged offense." *Green*, 617 F.3d at 248. That is, the evidence goes directly to the elements the Government must prove to convict Browne at trial, not the least of which is the element of proving that the content was in fact child pornography in Counts One (receipt) and Two (possession). (*See generally* Superseding Indictment, ECF No. 40.) Moreover, the Government must prove that Browne acted "knowingly" as to all counts, further supporting the argument that the evidence found on his alleged devices is intrinsic to the offenses. *Green*, 617 F.3d at 248. To be sure, the

4

Court's ruling is preliminary, and it reserves ruling on the specifics of what child pornography may be introduced into evidence under Rule 403 and *United States v. Cunningham*, 694 F.3d 372, 387-93 (3d Cir. 2012).

*Second*, the Court issues a preliminary ruling that data found on the electronic devices that show the device's user sought out and visited websites containing child pornography is also intrinsic to the offenses. Specifically, evidence such as internet browser history, cache files, zip-files, and related electronic information (from the time period charged in the Superseding Indictment) falls into this bucket.[3] This is so because Counts One through Three require that the Government prove that Browne acted "knowingly" with respect to the child pornography, meaning that he was aware that the visual depictions were in fact minors engaging in sexual activity.[4] *See* 18 U.S.C. §§ 2252A(a)(2)(A), (a)(3)(B), (a)(5)(B); s*ee also United States v. Ramos*, 685 F.3d 120, 131 (2d Cir. 2012) (evidence that defendant searched for images of child pornography on the internet was sufficient to meet "knowingly" element). Because this evidence is central to the Government establishing that Browne knew the nature of the content forming the instant offenses, the Court rules it admissible. *Green*, 617 F.3d at 248-49 (evidence intrinsic where it directly proves the charged offense). Browne may, however, renew his objection on an individualized basis as to certain evidence.

*Third*, the Court finds that any uncharged child pornography found on the electronic devices, defined as evidence of child pornography not part of the instant offenses, is admissible

---

[3] For the Government to admit evidence of this nature that falls outside of the charged conduct, however, it would need to move under Rule 404(b). *See United States v. Cox*, No. 11-99, 2011 WL 4906672, at *1 (D.N.J. Oct. 14, 2011).

[4] Count Four, Concealment of Objects to Impede a Federal Investigation in violation of 18 U.S.C. § 1519, also requires the Government to prove that Browne acted "knowingly." (Superseding Indictment 4.) This Count arises from Browne allegedly throwing the electronic devices into the bay. But the Court finds it unnecessary to independently analyze this evidence under Count Four since it already found the evidence admissible as to the remaining counts.

5

under Rule 414(a). Fed. R. Evid. 414(a). In prosecuting offenses of child molestation, Rule 414(a) allows the Government to proffer prior act evidence that pertains to the defendant's commission of another offense of child molestation so long as the evidence is relevant. *See id.*; *Heatherly*, 985 F.3d at 268-69. Counts One, Two, and Three of Browne's Superseding Indictment fall under "offense[s] of child molestation" because they're offenses prohibited by 18 U.S.C. Chapter 110.[5] District courts routinely allow the Government to admit evidence of uncharged child pornography possessed by the defendant in these cases. *Id.*; *see also United States v. Baer*, 843 F. App'x 472, 479 (3d Cir. 2021). To be sure, the uncharged child pornography is relevant in that it tends to show lack of mistake and an interest in the illicit content. *See* Fed. R. Evid. 401 ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action."). But this evidence will also be scrutinized under Rule 403 and under *Cunningham*, as well as subject to any future objection by Browne. 694 F.3d at 387-93.

### 2. *Child Erotica*

As to child erotica, the Court makes a preliminary determination that this type of evidence is inadmissible. This is so because, by the Government's own admission, this evidence is not illegal contraband. (*See* Gov't's Mot. *in Limine* 5.) The legality of it renders unavailable Rule 414 as a channel of admissibility since child erotica is not an "offense of child molestation." *See* Fed. R. 414(a). The content, therefore, at most demonstrates that Browne had a prurient interest in children. But under Rule 403, the Court may exclude evidence "if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice," "misleading the

---

[5] Chapter 110 of the U.S. Code, Title 18, entitled Sexual Exploitation And Other Abuse of Children, includes the following offenses listed in Browne's Superseding Indictment: 18 U.S.C. § 2252A(a)(2)(A) (Count One), § 2252A(a)(5)(B) (Count Two), and §2252A(a)(3)(B) (Count Three).

jury," or "cumulative" evidence. Fed. R. Evid. 403. The Court finds ample risk of all three. The unfair prejudice stems from allowing the Government to introduce evidence of content that is not illegal but may inflame the jury by portraying children in a potentially inappropriate or sexualized manner. What's more, the probative value is low considering the weight of the Government's other evidence, including actual child pornography. The volume of other evidence the Government purports to have—including hundreds of videos allegedly depicting child pornography—directly bears on whether such child erotica evidence is merely cumulative. (*See, e.g.*, Criminal Complaint 5, ECF No. 1.) Moreover, the jury may conflate the child erotica with the child pornography, muddying the waters as to what factual finding they are required to make. Even with limiting instructions, the jury would have to delineate between the illicit contraband and the legal content. In any event, the Court denies the Government's broad-brush motion to admit this evidence under Rule 403. Should the Government seek to introduce specific evidence at trial that constitutes "child erotica," and should the Government provide support as to why that evidence is not barred under Rule 403, it may renew its motion.

### B. The Government's Second Motion *in Limine* (Business Records)

The Government next moves for a ruling that several exhibits are authenticated business records under Rules 902(11) and 803(6). (*See* Gov't's Mot. *in Limine* 35-39.) Browne opposes, arguing that the Government must establish a proper foundation before introducing business records and, further, that Browne is entitled to cross examine any witness the Government intends to use in laying that foundation. (Def.'s Opp'n Br. 5.) Browne lodges a general objection but does not identify any offending exhibit or certification, specifically. (*See id.*)

Relevant here, the Government proffered a list of exhibits to the Court but not the certifications themselves. (*See* Gov't's Mot. *in Limine*, Ex. A, ECF No. 37-2.) Indeed, at the time the Government submitted its motions *in limine*, it "anticipate[d] that [it] may receive business

7

certifications for certain other exhibits" prior to trial. (*Id.* at 3.) The Court is unable to admit evidence broadly without more information. Absent reviewing the individual certifications and entertaining Browne's corresponding, tailored objections, the Court reserves on this issue.

### C. The Government's Third Motion *in Limine* (Precluding Objections Concerning Authenticity, Chain of Custody, and Scientific Analysis at Trial)

Third, the Government urges the Court to preclude Browne from contesting the authenticity, chain of custody, and scientific analysis of its premarked exhibits at trial, given the deadlines set in the Court's Scheduling Order. (Gov't's Mot. *in Limine* 39-40 (citing ECF No. 34).) Specifically, the Government contends that because Browne failed to submit any objections to the premarked exhibits by the November 18, 2021 deadline, he should be precluded from objecting to them going forward. (*Id.*) Browne counters that the Government provided him with "thousands of pages of documents, spreadsheets and reports," most of which did not reflect how the Government came into possession of the evidence. (Def.'s Opp'n Br. 5-6.) Further, Browne "refuses to concede that any of the exhibits are authentic" and "refuses to blindly accept a chain of possession for any of the proposed government exhibits." (*Id.* at 6.) In doing so, Browne stresses that the Government bears the burden of authenticating its evidence at trial. (*Id.*)

The Court declines the Government's invitation to preclude future objections of this nature. Absent from the Government's motion is any legal authority supporting its position. Nor is the Court aware of any legal authority outside of its Scheduling Order. Thus, at this juncture, the Court will not issue a blanket preclusive order. Should Browne seek to challenge the authenticity or chain of custody of any premarked evidence prior to trial, the Court will address this issue then.[6] In the interim, the Government's motion is denied.

---

[6] The Court stresses that objections to foundational aspects of premarked evidence, including the authenticity and chain of custody of that evidence, should be resolved expeditiously. Accordingly, to the extent the Government has identified a streamlined exhibit list, Browne should raise any challenges of this nature in short order rather than wait for trial.

     **D.**    **The Government's Fourth Motion *in Limine* (Potential Punishment)**

The Government last moves to exclude Browne from introducing evidence concerning his potential punishments, if convicted. (Gov't's Mot. *in Limine* 12-14.) It argues that this evidence is irrelevant and prejudicial because the jury has no sentencing function. (*Id.* (quoting, for example, *Shannon v. United States*, 512 U.S. 573, 579 (1994)).) Browne does not oppose this motion. (Browne's Opp'n Br. 6.)

The law here is clear. A jury empaneled to only decide guilt or innocence of the defendant beyond a reasonable doubt should not hear evidence about "what the consequences of its verdict might be." *United States v. Fisher*, 10 F.3d 115, 121 (3d Cir. 1993). Accordingly, neither party shall introduce evidence of potential penalties or mandatory minimums should Browne be convicted.

**IV.**    **CONCLUSION**

For the above reasons, the Court grants-in-part and denies-in-part the Government's first motion *in limine*, reserves on its second motion *in limine*, denies without prejudice its third motion *in limine*, and grants its fourth motion *in limine*. The Court will enter an Order consistent with this Memorandum Opinion.

 

                                        */s/ Michael A. Shipp*
                                        **MICHAEL A. SHIPP**
                                        **UNITED STATES DISTRICT JUDGE**