**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES F. BROWNE, JR. | Criminal Action No. 20-965 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on the United States of America's (the "Government") supplemental motions *in limine*. (ECF Nos. 60, 61.) Defendant Charles F. Browne, Jr. ("Browne") opposed. (ECF No. 65.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1(b), which is applicable to criminal cases under Local Criminal Rule 1.1.

The Court hereby incorporates by reference and adopts the facts and procedural background detailed in its prior *in limine* Memorandum Opinion (the "Opinion"). *United States v. Browne, Jr.*, No. 20-965, 2022 WL 1063953, at *1-2 (D.N.J. Apr. 8, 2022), ECF No. 51. In the wake of the Court's Opinion, the Government submitted two subsequent pretrial motions: (1) a request for clarification on the admissibility of certain exhibits allegedly demonstrating Browne's prior bad acts (Gov't's Prior Act Mot., ECF No. 60), and (2) a request for a ruling that certain exhibits are admissible as self-authenticating business records under Rules 803(6) and 902(11) (Gov't's Business R. Mot., ECF No. 61).[1] Browne opposes the admission of business records pretrial, arguing that they require proper foundation to be admissible and, further, that Browne needs an opportunity to cross-examine the witnesses at trial. (ECF No. 65.) Browne did not expressly oppose the Government's prior bad act motion but objected to a similar motion in prior briefing before the Court. (*See* ECF No. 46.)

---

[1] References to "Rule" or "Rules" hereafter refer to the Federal Rules of Evidence.

The Court addresses each *in limine* motion in turn.

**I.       Government's Supplemental Motion *in Limine* on Prior Bad Acts Evidence**

The Government seeks a pretrial ruling on the admissibility of Exhibits 265, 267, 270, 271, and 335 as either intrinsic evidence or, alternatively, as relevant evidence admissible under Rules 414 or 404(b). (Gov't's Prior Act Mot. 2.) Specifically, the Government asks the Court to clarify how these exhibits fit into its prior ruling that,

> data found on the electronic devices that show the device's user sought out and visited websites containing child pornography is . . . intrinsic to the offenses. Specifically, evidence such as internet browser history, cache files, zip-files, and related electronic information (from the time period charged in the Superseding Indictment) falls into this bucket.

(Opinion at 5.)

A review of the exhibits presently before the Court reveals a combination of data allegedly found on Browne's devices, including screenshots of cached files with suggestive titles (Exs. 265, 267), screenshots of web activity showing browser searches for "cp porn" (Ex. 267), and web history of visited or searched websites that reflect potential child pornography (Exs. 270, 271, 335). Relevant to this motion, some of the data falls outside of the time period charged in the Superseding Indictment. (*Compare* Exs. 265, 267, 270, 271, 335, *with* Super. Ind., ECF No. 40.) The Government argues that the proffered exhibits are admissible nonetheless either as intrinsic to the obstruction charge, under Rule 414 as "other child molestation," or under Rule 404(b) to show Browne's knowledge, lack of mistake, and identity as the individual responsible for the instant child pornography offenses. (Gov't's Prior Act Mot. 2-5 (citing 18 U.S.C. § 1519; Fed. R. Evid. 414, 404(b)).)

As a preliminary matter, the Court agrees that these exhibits are admissible under Rule 404(b) to the extent they are undated or dated from a time period outside of the charged conduct.[2] This is because, "to be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010) (citation omitted). The Court finds these exhibits admissible for the proper purpose of showing lack of mistake, identity, and knowledge as it relates to who committed the child pornography offenses for which Browne now stands trial. *See United States v. Cox*, No. 11-99, 2011 WL 4906672, at *1 (D.N.J. Oct. 14, 2011) (finding prior bad act evidence "probative for demonstrating [d]efendant's knowledge of possession of unlawful material and absence of mistake in distributing unlawful material"). In addition, they are highly relevant considering Browne's previewed defense—that he is the "victim of someone who perpetrated the crimes charged." (Browne's Mot. 12, ECF No. 30.) The Court also finds that Rule 403's balancing test does not counsel inadmissibility because the probative value (heightened by Browne's anticipated defense) is not substantially outweighed by undue prejudice. *See* Fed. R. Evid. 403. Thus, the Court issues a preliminary ruling that Exhibits 265, 267, 270, 271, and 335 are admissible under Rule 404(b).[3]

As to the Government's theory that these exhibits are intrinsic to the obstruction charge or admissible under Rule 414, the Court reserves on the first theory and rejects the second. First, under the intrinsic-to-obstruction theory, the Government contends that the proffered exhibits

---

[2] This ruling has no impact on the Court's initial ruling that "the child pornography itself," and related data that occurred "within the time parameters of the Superseding Indictment," are admissible as intrinsic evidence. (Opinion at 2-3.)

[3] The Court does not suggest that Browne is hamstringed from objecting at trial should the exhibits, in combination, become cumulative or are inadmissible for some other reason, such as hearsay.

show that Browne "tried to hide" his electronic devices from law enforcement—i.e., impede a federal investigation—by throwing the devices into the bay. (Gov't's Prior Act Mot. 3.) Although the Government's argument demonstrates potential promise, absent the broader context of trial, the Court declines to make a preliminary determination regarding these exhibits' admissibility under this theory. Considering that the Court will allow these exhibits under Rule 404(b), however, the only remaining question for trial is whether limiting instructions are required or not. *United States v. Green*, 617 F.3d 233, 247 (3d Cir. 2010) ("[T]he only consequences of labeling evidence 'intrinsic' are to relieve the prosecution of Rule 404(b)'s notice requirement and the court of its obligation to give an appropriate limiting instruction upon defense counsel's request." (alteration in original and citation omitted)). Thus, in the Court's view, this distinction is inconsequential at this stage and should not hinder either side's preparation for trial.

In contrast, the Court rejects the Government's contention that Rule 414 applies to these exhibits. Rule 414 reads,

> [i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

*United States v. Dickinson*, 16 F. Supp. 3d 230, 233 (W.D.N.Y. 2014) (citing Fed. R. Evid. 414). It is true that courts have liberally defined "child molestation" to include, among other things, "the distribution, receipt, and possession of child pornography." *Id.*  Here, however, the Government seeks to admit under this Rule web activity such as browser searches, website history, and cached html files that reflects the user *may* have been *searching* for child pornography. (Gov't's Prior Act Mot. 2.) The Court finds this a bridge too far. This type of evidence fails to qualify as "other child

4

molestation" because these exhibits do not contain evidence of actual receipt, possession, or distribution of child pornography.[4]

## II. Government's Subsequent Motion *in Limine* on Business Records

The Federal Rules of Evidence generally restrict the admission of out-of-court statements from being introduced into evidence. Fed. R. Evid. 801. But there are exceptions (and exclusions) to this general rule. *See, e.g.*, Fed. R. Evid. 801, 803-04. Because a "written assertion" classifies as a "statement" under Rule 801(a), documentary evidence can and often does constitute hearsay, too. Fed. R. Evid. 801(a). Relevant here, Rule 803(6) is an exception from the rule against hearsay for certain records should they meet the following requirements:

> **(6) Records of a Regularly Conducted Activity.** A record of an act, event, condition, opinion, or diagnosis if:
>
> > **(A)** the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> >
> > **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> >
> > **(C)** making the record was a regular practice of that activity;
> >
> > **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> >
> > **(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). As referenced in subsection (D) of this Rule, either a custodian at trial or a qualifying certification is required for authenticating the record. Relevant here, Rule 902(11) reads as follows:

---

[4] Should the Government wish to admit evidence of actual child pornography that it chose not to expressly charge in the Superseding Indictment, Rule 414 become a viable avenue for admission. *Dickinson*, 16 F. Supp. 3d at 233.

> (11) ***Certified Domestic Records of a Regularly Conducted Activity***. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11).

Putting it all together, Rule 803(6) is commonly referred to as the "business records" exception to the rule against hearsay and allows records kept in the normal course of business (with no indicia of unreliability) to be admitted into evidence through custodians familiar with the document. Rule 902(11) allows certain documents "that bear sufficient indicia of reliability as to be 'self-authenticating'" to be admitted without the use of extrinsic evidence "by way of a certificate from the records custodian," so long as notice and an opportunity to inspect the evidence in advance of trial is offered. *United States v. Browne*, 834 F.3d 403, 409 (3d Cir. 2016). In essence, Rule 902(11) avoids the need for a witness at trial to authenticate the document.

Here, the Government renews its motion for an admissibility determination on several exhibits under these two rules. (*See generally* Gov't's Business R. Mot.) Specifically, the Government seeks a ruling on 33 exhibits (with accompanying Rule 902(11) certifications) from numerous third-party sources, including Dropbox, T-Mobile, Apple Inc., Google, Verizon, and Oath. (*See id.* 2-4.) The Court initially reserved ruling on this motion pending the Government's submission of proffered business records and corresponding custodian certifications for the Court's review. (Opinion at 7-8.) The Government has now supplied the requisite documents to the Court and again seeks a pretrial ruling on their admissibility. Browne opposes on the basis that the Government must establish a proper foundation before introducing any sort of business records. (Def.'s Resp. 1-2, ECF No. 65.) Additionally, Browne objects to the business

certifications generally, arguing he has a right to cross-examine the Government's witnesses. (*Id.*) As to specific exhibits, Browne did not raise any tailored objections. (*See generally id.*)

After careful review, the Court finds certain exhibits fall under Rules 803(6) and 902(11)'s admissive regimes. Certain exhibits, however, do not.

### A. The Court Grants the Government's Motion as to Exhibits 52, 53, 98, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 400, 401, 407, 480.[5]

On its review of these exhibits and related certifications, the Court finds that the Government has met its burden of showing admissibility.[6] These exhibits contain a mix of cell site data, customer data, subscriber records, and address logs from cellular and internet providers. The Court is satisfied on its review of the certifications and exhibits that they were made at or near the time of the event, kept in the regular course of business, and certified by an appropriate custodian. Browne does not "show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness," nor does the Court have any concern from its own review. Fed. R. Evid. 803(6)(E). The Court therefore finds these exhibits admissible.

### B. The Court Denies the Government's Motion as to Exhibits 330, 331, 332, 333, 334, 335, 336, 337, 338, 340, 341, 342, 343, 344, 354, 370.

On the other hand, the Court denies the Government's motion without prejudice as to the above referenced exhibits for varying reasons.

As to the Google Certifications and related Google "business records," the Court finds these problematic for several reasons. (*See* Exs. 330-338.) *First*, these documents contain hearsay

---

[5] It is settled law that business records authenticated by adequate custodians are generally not considered "testimonial" under the Confrontation Clause. *United States v. Bansal*, 663 F.3d 634, 667 (3d Cir. 2011) (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009)). As such, they are "generally admissible absent confrontation" and Browne has no constitutional right to cross-examine the Government's custodial witnesses. *Melendez-Diaz*, 557 U.S. at 324.

[6] Exhibit 401 contains child pornography and will be subject to a *Cunningham* hearing prior to trial. (Gov't's Business R. Mot. 4 n.4 (citing *United States v. Cunningham*, 694 F.3d 372 (3d Cir. 2012)).)

within hearsay and the Government proffers no reason why the underlying content of the email (versus the metadata) is admissible. *But see* Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if *each part of the combined statements* conforms with an exception to the rule." (emphasis added)). "The Government's theory of self-authentication also fails for a *second* reason: it is predicated on a misunderstanding of the business records exception itself . . . designed to capture records that are likely accurate and reliable in content, as demonstrated by the trustworthiness of the underlying sources of information and the process by which and purposes for which that information is recorded." *Browne*, 834 F.3d at 410 (emphasis added). Because "significant other portions of these [emails] had not been independently verified" by the Google custodian, nor could they, the custodian lacked the requisite knowledge as to the accuracy of the information. *Id.* (citing *United States v. Furst*, 886 F.2d 558, 572 (3d Cir. 1989)). Thus, these exhibits fail to qualify as business records under Rule 803(6) and fail to self-authenticate under Rule 902(11).

The Government's PayPal investigatory records fail for a separate reason. (*See* Exs. 340-344.) Unlike documents that are facially prepared in the normal course of business, from what the Court can glean, these PayPal Global Investigations exhibits reveal that law enforcement specifically requested the creation of these reports. (*See, e.g.*, Ex. 340.) That is evident by the exhibit reflecting the law enforcement officer and agency that requested it, as well as the disclaimer that the "[t]he information in this document has been processed based on the request from the Law Enforcement Officer." (*See id.*) The Court does not dispute that "a computer printout that merely reproduces a selected subset of data from underlying, electronically stored business records . . . could qualify as a business record, even though it was created expressly for use in the prosecution of [a defendant]." *United States v. Ekiyor*, 90 F. Supp. 3d 735, 742 (E.D. Mich. 2015). It can. But the Government offers a mere "boilerplate 'Certificate of Authenticity' executed by [Frank

8

Cannata] [that] does not satisfy this prerequisite, as it does nothing more than simply parrot the language of Rule 803(6), without offering any details as to the sorts of" records that are maintained and the manner in which these records are generated and stored. *Id.* at 743. At least at this stage, the Government has failed to show this document is self-authenticating under Rule 902(11) or a business record under Rule 803(6).[7]

Finally, the Government's Exhibits 354 and 370 fail to meet the requirements of business records (let alone self-authenticating business records) for many of the reasons listed above. For Exhibit 354, this document is a hodgepodge of information submitted as part of Browne's employment application to Liberty Crematorium.[8] (*See* Ex. 354.) It contains hearsay within hearsay, such as the handwriting that appears throughout the application. Fed. R. Evid. 805. As to whose handwriting and when it was made, the Court is left clueless. In addition, because the application contains a mix of different documents and information filled in by different persons, it is impossible for the employer's secretary to attest to the accuracy of the underlying information. (*See* Cert. of Tama S. DePaolis, Ex. 354); *see also Furst*, 886 F.2d at 572 (district court erred in admitting bank records where "significant portions" of the documents were not "independently verified" by the business). This document is far from the "bank records or phone records conventionally authenticated and admitted under Rules 902(11) and 803(6)." *Browne*, 834 F.3d at 436. The same analysis flows to Exhibit 370, which faces the additional hurdle of having a

---

[7] The Court further notes that based on the information before it regarding the PayPal exhibits, it has concerns with allowing this type of investigatory document, generated at the request of the Government for trial, to be admitted through a Rule 902(11) certification. *See United States v. Brooks*, 715 F.3d 1069, 1079 (8th Cir. 2013) ("In determining whether a statement implicates the Confrontation Clause, the crucial inquiry is whether the record was 'created . . . for the purpose of establishing or proving some fact at trial.'" (quoting *Melendez-Diaz*, 557 U.S. at 324)).

[8] Further illustrating the shortcomings of this exhibit as a certified business record, the Government purports it to be from Liberty Crematorium. (*See* Gov't's Business R. Mot. 3.) But the accompanying certification is from a secretary of "SJM Partners, Inc." (*See* Certification GX 354.) The Court can only guess as to the custodian's relationship with Liberty Crematorium.

9

certification for which the custodian did not even attest to having knowledge of the record at or near the time it was made. (*Compare* Ex. 370, *with* Fed. R. Evid. 803(6)(A)). In any event, Exhibit 370—comprised of 175 pages of comprehensive medical records with an embedded medical assessment report—is neither admissible in full as a business record nor self-authenticated as currently presented. Based on the foregoing, and for other good cause shown,

**IT IS**, on this _6th_ day of May 2022, **ORDERED** as follows:

1. The Government's motion regarding the admissibility of certain prior bad act evidence (ECF No. 60) is **GRANTED**.

2. The Government's motion regarding certified business records (ECF No. 61) is **GRANTED IN PART** and **DENIED IN PART**.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**