# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES F. BROWNE, JR. | Criminal Action No. 20-965 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on the United States of America's (the "Government") sealed *ex parte* correspondence asking the Court to rule on whether potential impeachment material regarding one of its trial witnesses ("Witness-1") must be turned over to Defendant Charles F. Browne, Jr. ("Browne"). (ECF No. 77.) The Court concludes that the Government shall turn over the material but expresses no opinion as to the admissibility of that material for trial.

The Court's guidepost is clear: due process mandates that the Government provide defense counsel with material relevant to its witnesses when defendants could use that material to impeach those witnesses' credibility. *Giglio v. United States*, 405 U.S. 150, 155 (1972); *Brady v. Maryland*, 373 U.S. 83, 85-86 (1963). From what the Court can glean, Witness-1 is an engineer contractor working for the FBI that provided data extraction services on Browne's devices in this case. (Gov't's Correspondence 1, ECF No. 77.) The Government therefore intends to call Witness-1 at trial to testify that he employed "reliable methods" to extract data from Browne's electronic devices, "which had been submerged in water." (*Id.*) Since the extracted data comprises part of the charged conduct, the credibility of Witness-1 in this matter is significant and his testimony establishes the chain of custody for Browne's devices. *See Haskell v. Superintendent Greene SCI*, 866 F.3d 139, 146 (3d Cir. 2017) (reasoning that knowledge of additional facts that "pose[] a reasonable, and significant, likelihood of affecting the judgment of the jury" should be turned over). At this juncture, the Court cannot say whether the undated event involving Witness-1's

handling of electronic devices for other cases in late 2019 or early 2020 may be viable impeachment evidence. *Wilson v. Beard*, 589 F.3d 651, 659 (3d Cir. 2009) ("*Brady* applies with equal force to the prosecutor's failure to disclose evidence which could have been used for impeachment purposes."). That event is close enough in time to the events in this case as to not render them per se irrelevant. Put differently, the information's relevance or lack thereof can only be revealed at trial with the added context of Witness-1's testimony. So the Government must turn it over.

That said, the Court offers no opinion as to the admissibility of the information regarding Witness-1. It reserves that decision for trial.

**IT IS THEREFORE**, on this 2nd day of June 2022, **ORDERED** as follows:

1. The Government's *ex parte* application (ECF No. 77) shall be unsealed.

2. The Government shall provide Browne with the information underlying its *ex parte* application.

3. The Court **RESERVES** on the admissibility of the information referenced in the Government's *ex parte* application.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE