

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*      973-645-2700
*Newark, New Jersey 07102*

June 2, 2022

**VIA ECF AND EMAIL**
The Honorable Michael A. Shipp
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

      Re: <u>United States v. Charles F. Browne, Jr., Case No. 20-965</u>

Dear Judge Shipp:

    The Government respectfully submits this letter seeking preliminary rulings on the admission of: (1) new Government Exhibits 101, 103, 325, and 408 as business records; (2) Government Exhibits 340 to 344, based on an amended business certification that addresses the concerns raised by the Court in its May 6, 2022 Order, Dkt. 67 (the "May 6, 2022 Order"); and (3) a revised Exhibit 354 as a business record.[1]

## Exhibits 101, 103, 325, and 408 Are Admissible as Business Records

    The Government has added to its exhibit list the following documents:

- Records obtained from Apple pursuant to a search warrant and marked as Government Exhibits 101 and 103[2];

- Subscriber records obtained from Verizon and marked as Government Exhibit 325; and

---

[1] Because the exhibits attached to this letter contain personal identifying information of the defendant and his former employer, we are attaching the exhibits and corresponding certifications under seal.

[2] The Government intends to introduce excerpts of the Apple Business Records in Government Exhibits 101 and 103 as separate stand-alone exhibits through a law enforcement witness who is familiar with the excerpts. *See* Fed. R. Evid. 902(b)(1).

- Records obtained from Dropbox, Inc. ("Dropbox") marked as Government Exhibit 408, concerning the date Dropbox disabled the cbrowne651@gmail.com account containing child pornography.

The above exhibits and accompanying business record certifications are attached hereto and filed under seal.

Each of these exhibits meets the requirements of Fed. R. Evid. 803(6) and is supported by a certification made pursuant to Fed. R. Evid. 902(11). Each of the certifications adequately lays the foundation for the trustworthiness of the records. The documents are highly relevant, as they tie the defendant to the iPad and Dropbox account which contained the child pornography that is the basis for Counts One through Three of the Superseding Indictment and undermine his apparent defense that he was not responsible for the content of the iPad and the Dropbox account. Furthermore, in the May 6, 2022 Order, the Court admitted similar business records obtained from Apple, Verizon, and Dropbox based on similar business certifications. *See* May 6, 2022 Order at 7.

For these reasons, the Government requests a preliminary ruling that Government Exhibits 101, 103, 325, and 408 are admissible without calling at trial record custodians from Apple, Verizon, and Dropbox, respectively.

**The PayPal Records Are Admissible As Business Records Based on the Amended Certification**

The Government seeks a ruling from the Court that an amended business records certification provided by a records custodian of PayPal Holdings, Inc. ("PayPal") qualifies Government Exhibits 340 to 344 as business records under Federal Rules of Evidence 803(6) and 902(11), without calling at trial a custodian of records from PayPal to authenticate them. For ease of the reference, the Government reattaches Exhibits 340 to 344 under seal to this submission, together with the amended certification from PayPal.

The Government sought by supplemental motion a preliminary ruling admitting records obtained from PayPal marked as Government Exhibits 340 to 344, which include an activity log and registration information associated with PayPal accounts registered to Charles Browne. *See* Dkt. 61. In the May 6, 2022 Order, the Court denied without prejudice the Government's motion to admit these records because the cover page on the spreadsheets in Government Exhibits 340 and 344 stated that "the information had been processed based on the request from the Law Enforcement Officer." *See* May 6, 2022 Order at 8. In so doing, the Court noted that "a computer printout that merely reproduces a selected subset of data from underlying, electronically

stored business records . . . could qualify as a business record, even though it was created expressly for use in the prosecution of [a defendant]." *Id.* (citing *United States v. Ekiyor*, 90 F. Supp. 3d 735, 742 (E.D. Mich. 2015)). The Court found, however, that the certification provided by PayPal lacked sufficient detail about the sorts of records that PayPal maintains and the manner in which the records are generated and stored. Dkt. 67 at 9.

The amended certification from a custodian of records of PayPal's Global Investigations Group, who is familiar with PayPal's records and procedures, makes clear that the information in the activity logs marked as Government Exhibits 340 and 344—which includes the username, internet protocol address associated with the user, and the actions of the PayPal user during specific login sessions—is recorded at or near the time a user logs into PayPal in the normal course of PayPal's business and are maintained and stored in PayPal's system in the routine course of its business. The amended certification further states that the records for this particular case were generated from this regularly conducted business information, which the affiant personally verified. Similarly, Exhibits 341, 342, 343 contain information provided by a user—in this case, Charles Browne—at the time he registered for accounts with PayPal. According to the amended certification, it is a regular practice for PayPal to make a record of a user's biographical information in the ordinary course of its business, and the subscriber records in this case were generated from PayPal's database where the information is stored, which the affiant again personally verified.

The Government submits that this amended certification is sufficient to admit Exhibits 340 to 344 as business records under Federal Rules of Evidence 803(6) and 902(11). *See United States v. Fujii*, 301 F.3d 535, 539 (7th Cir. 2002) ("Because the information was printed out at the request of the INS does not deprive the printouts of its business-record character."); *see also United States v. Battles*, 514 F. App'x 242, 246 (3d Cir. 2013) (unpublished) (holding that district court properly admitted spreadsheet reporting results of query database maintained by bank under business records exception to the hearsay rule); *accord U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043 (9th Cir. 2009) ("[E]vidence that has been compiled from a computer database is also admissible as a business record, provided it meets the criteria of Rule 803(6).").

### **The Revised Exhibit 354 Is Admissible as a Business Record of SJM**

The Government seeks a preliminary ruling that a revised version of Exhibit 354 is admissible based on the records certification previously provided to the Court by a secretary of SJM Partners, Inc. ("SJM"). The revised exhibit and certification are attached hereto, also under seal.

The Government sought by supplemental motion a preliminary ruling admitting employment application documents marked as Government Exhibit 354 contained in Browne's personnel file for his job at Liberty Grove Crematory ("Liberty Grove"), which the Government obtained from SJM.  *See* Dkt. 61.  The Court denied the Government's motion without prejudice because the application documents contained certain handwritten notes, and the Court had a concern that those notes constituted hearsay within hearsay, and could not be authenticated by a records custodian.  *See* May 6, 2022 Order at 9.  The Court also expressed concern that the certification accompanying the records is made by a secretary of SJM Partners, Inc. ("SJM"), and not by Liberty Grove.

The Government has revised Exhibit 354 by removing from it any documents that have hand-written notations.  The document now consists of a one-page employee eligibility verification form that is filled out and signed by Charles F. Browne, Jr.[3]  It is relevant because the email address and phone number Browne listed in his employment application form are the same phone and email address registered to the iPhone and the iPad which Browne threw into the bay, and therefore, rebut his apparent defense that he was not responsible for the devices.

The record was a part of Browne's employment records and payroll records, which were kept and maintained by SJM, a company located in Virginia.  It is the Government's understanding based on documents received from SJM and an interview of a current employee of Liberty Grove and former co-worker of Browne that the crematory is owned by SJM, and Browne was formally employed by and paid by SJM, as the owner of Liberty Grove.  The Government submits that this information, coupled with the certification originally provided to the Court, is sufficient to admit the revised Government Exhibit 354 as a business record under Rule 803(6) and 902(11).

---

[3] The form is also admissible as a statement by a party opponent under Rule 801(d)(2)(A) because Browne signed it.  *See McQueeney v. Wilmington Tr. Co.*, 779 F.2d 916, 930 (3d Cir. 1985) (noting that if seaman's service records were filled out by the seaman they would "[c]learly . . . come under Rule 801(d)(2)(A)"); *United States v. Smith*, 609 F.2d 1294, 1301 n. 7 (9th Cir.1979)) (records containing defendant's signature "may more appropriately be regarded as non-hearsay admissions under Fed.R.Evid. 801(d)(2)(A) and 801(d)(2)(B)").

**Conclusion**

  For the foregoing reasons, the Government requests a preliminary ruling admitting Exhibits 101, 103, 325, 340, 341, 342, 343, 344, 354, and 408.

           Respectfully submitted,

           PHILIP R. SELLINGER
           United States Attorney

           By: Jonathan Fayer
              Jamie L. Hoxie
           Assistant U.S. Attorneys