**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES F. BROWNE, JR. | Criminal Action No. 20-965 (MAS)<br><br>**MEMORANDUM ORDER** |

    This matter comes before the Court on the Government's correspondence, which articulates proposed procedures under *United States v. Cunningham* for displaying child pornography exhibits at trial. (Gov't's May 24, 2022 Correspondence, ECF No. 71.) In addition, the Government's correspondence describes the thirty exhibits containing child pornography that it intends to introduce as part of its case-in-chief. (*Id.* at 8-19.) Although given the opportunity (ECF No. 75), Defendant Charles F. Browne, Jr. ("Defendant") did not oppose the Government's proffered exhibits or procedures for handling them.

    Beginning with the Government's proposed procedures for maintaining and displaying the child pornography exhibits at trial, the Court agrees that the exhibits should be maintained by an agent with the Federal Bureau of Investigation and the documents kept separately like other types of contraband. (Gov't's May 24, 2022 Correspondence 2.) Further, as to the videos containing child pornography, the Government may open the file to show the jury the video's duration and proceed to play a few seconds of the videos. (*Id.*) As to how many seconds the Government may display to the jury, the Court specifies below. Last, the Court agrees with the Government that the video files shall be played without volume. (*Id.*)

    Next, the Court considers what portion of the Government's thirty exhibits of child pornography may be admitted into evidence at trial. Under *United States v. Cunningham*, in criminal trials involving charges of child pornography, district courts should "personally examine

challenged evidence before deciding to admit it under [Federal] Rule [of Evidence] 403." 694 F.3d 372, 386 (3d Cir. 2012). Undoubtedly, the videos are relevant—they *are* the illegal content for which the defendant is charged. *United States v. Heatherly*, 985 F.3d 254, 265 (3d Cir. 2021). So, district courts are tasked with balancing the Government's "entitle[ment] to put forward relevant evidence it chooses to present its case" with the defendant's right to be free from unfairly prejudicial material that carries a substantial risk of inflaming the jury's emotions. *Cunningham*, 694 F.3d at 388 (citing Fed. R. Evid. 403). Understanding that although "all depictions of an adult engaging in sexual acts with a young child are bound to be repulsive, the impact on the jury will depend upon the nature and severity of the acts depicted." *Id.* at 390 (quoting *United States v. Loughry*, 660 F.3d 965, 972 (7th Cir. 2011)). Indeed, courts must bear in mind that "Rule 403 is not a shield to keep juries from learning details of horrific crimes." *Heatherly*, 985 F.3d at 266.

How can the Court assess, then, whether specific child pornography images or videos are unfairly prejudicial to the defendant? The U.S. Court of Appeals for the Third Circuit offers some guidance. *First*, if a defendant is willing to stipulate that the evidence is child pornography, the issue no longer becomes contested at trial, lowering the probative value of the child pornography itself. *Heatherly*, 985 F.3d at 267 ("The exhibits were probative, as they were the actual child pornography that the defendant had possessed . . . [b]ut because neither issue was disputed at trial, that probative value was minimal." (citing *Cunningham*, 694 F.3d at 377-80, 389)). *But see Old Chief v. United States*, 519 U.S. 172, 189 (1997) (noting that the Government need not accept an offer to stipulate an element and has a right to put evidence forward proving its case). *Second*, images containing sexual violence, sadistic actions, or the bondage of minors is particularly suspect because of its likelihood to generate juror "disgust and antagonism" toward a defendant, creating the risk of "overwhelming prejudice" towards him. *Cunningham*, 694 F.3d at 390 (quoting *United States v. Harvey*, 991 F.2d 981, 996 (2d Cir. 1993)). *Third*, when examining Rule 403,

courts must keep in mind the relevance of the material, whether the probative value is heightened because a defendant denies culpability, and any other factors that may tip the Rule's balancing scale.

On June 2, 2022, the Court conducted its *in camera* review of the Government's proffered exhibits under *Cunningham*. Because Defendant did not stipulate regarding any of the child pornography, the exhibits carry additional probative value as to the Government's ability to prove the offenses at trial. Attached to this Order as Exhibit A, the Court provides its rulings as to what exhibits are admissible and to what extent under *Cunningham* and *Heatherly*. The Court excludes images of bondage, sadistic violence, ejaculation, and other features of the exhibits that bear little additional probative value but carry with them a potentially explosive cocktail of unfair prejudice if shown to the jury.[1] Finally, the Court's rulings are without prejudice and, for good cause, either party may subsequently move for reconsideration as to individual exhibits.[2]

**IT IS THEREFORE**, on this 6th day of June 2022, **ORDERED** as follows:

1. Consistent with Exhibit A attached to this Order, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Government's Motion for a Preliminary Ruling on the Admissibility of Exhibits under *Cunningham*.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] The Court's specific rulings and corresponding directions contained within Exhibit A intend to exclude all images or video clips that contain violence or sadistic acts towards children based on the Court's examination of the exhibits—content that should be excluded under Rule 403 and *Cunningham*. To the extent the Court inadvertently fails to exclude any of these types of images expressly in its Order, the Government is instructed to self-police its evidence as well and ensure that this type of content is not shown to the jury.

[2] Considering the liberties already provided by the Court in allowing most of the Government's proffered thirty exhibits to be introduced at trial, the Government bears a high burden should it argue that more child pornography will provide additional probative value and not be cumulative or unfairly prejudicial to Defendant. *See* Fed. R. Evid. 403.