# **<u>Exhibit A</u>**

### United States v. Charles F. Browne, Jr.
Government's *Cunningham* Exhibits[1]

| Exhibit | File type | Related Count(s) | Government's Argument[2] | Defendant's Position | The Court's Decision |
|---|---|---|---|---|---|
| **1** | Image | 2; 4 | The image was contained in Defendant's Dropbox account and was one of two images shown to Defendant during the FBI interview that preceded Defendant throwing the devices into the bay. In addition, the image was created with the same model iPhone as the iPhone thrown into the bay. | No objection raised. | The Court finds this image is admissible as it is relevant and not unfairly prejudicial under Rule 403. The image contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **2** | Image | 2; 4 | The image was contained in Defendant's Dropbox account and was one of two images shown to Defendant during the FBI interview that preceded Defendant throwing the devices into the bay. In addition, the image was created with the same model iPhone as the iPhone thrown into the bay. | No objection raised. | The Court finds this image is admissible as it is relevant and not unfairly prejudicial under Rule 403. The image contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **208** | Mp4 video (2:44) | 1 | The video demonstrates Defendant's knowledge and intent to commit the charged crimes. Defendant saved the video on the "Stuffit" application on his iPad. The video encourages users to open a larger file stored on the internet, meeting the interstate commerce element. | No objection raised. | The Court finds that a shortened clip **up to 15 seconds** of this video is admissible as relevant and not unfairly prejudicial under Rule 403. The Court does not opine as to which 15 seconds may be played, as it finds the content similar throughout. The video contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **211** | Index HTML file | 1; 3 | The index has probative value because it reflects the manner and means through which Defendant sought out and stored the illicit content. For example, Defendant saved it onto the "Stuffit" application on his iPad. The existence of this evidence on his iPad makes a mistake or accident unlikely and it provides context to other relevant email communications. | No objection raised. | The Court finds this index is admissible as it is relevant and not unfairly prejudicial under Rule 403. The index does not appear to contain any depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |

---

[1] **Count One**: Receipt of Child Pornography; **Count Two**: Possession of Prepubescent Child Pornography; **Count Three**: Solicitation of Child Pornography; **Count Four**: Concealing Objects to Impede an Investigation.

[2] The information contained within this column represents the Government's arguments and theory of the case. The Court does not adopt any of these factual assertions as true.

| | | | Additionally, it was saved in the same compressed folder as other Government exhibits. Finally, the index was originally from the internet, meeting the interstate commerce element. | | |
|---|---|---|---|---|---|
| **212** | Screenshot from HTML file | 1; 3 | The screenshot is probative of the manner and means through which Defendant sought out child pornography. In addition, the existence of the evidence on Defendant's iPad makes a mistake or accident unlikely. Finally, it provides additional context to other email evidence in this case. | No objection raised. | The Court finds this screenshot image is admissible as it is relevant and not unfairly prejudicial under Rule 403. The screenshot contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **213** | Screenshot from HTML file | 1; 3 | The screenshot is probative of the manner and means through which Defendant sought out child pornography. In addition, the existence of the evidence on Defendant's iPad makes a mistake or accident unlikely. Finally, it provides additional context to other email evidence in this case. | No objection raised. | The Court finds this screenshot image is admissible as it is relevant and not unfairly prejudicial under Rule 403. The screenshot contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **214** | Screenshot from HTML file | 1; 3 | The screenshot is probative of the manner and means through which Defendant sought out child pornography. In addition, the existence of the evidence on Defendant's iPad makes a mistake or accident unlikely. Finally, it provides additional context to other email evidence in this case. | No objection raised. | The Court finds this screenshot image is admissible as it is relevant and not unfairly prejudicial under Rule 403. The screenshot contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **221** | Mp4 video (1:44) | 1 | The video has probative value in reflecting the Defendant's knowledge and intent to receive child pornography. For example, Defendant saved this video onto the "Stuffit" application on his iPad. The existence of this evidence on his iPad makes a mistake or accident unlikely. The video also encourages the user to open a larger file from the internet, satisfying the interstate commerce element. | No objection raised. | The Court finds that **up to 15 seconds** of this video is admissible as relevant and not unfairly prejudicial under Rule 403. But the Court expressly **excludes** any portion of the video between :19 and :26 seconds from being played—that is, any of the video that demonstrates an adult male ejaculating on a minor child. Otherwise, the video contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **228** | File | 1; 3 | The video has probative value in reflecting the Defendant's knowledge and intent to receive child pornography. The existence of this file on Defendant's iPad makes mistake or accident unlikely and it further provides context for other email evidence in this case. In addition, Defendant downloaded multiple zip files containing "packets" that goes to his intent to obtain child pornography. He | No objection raised. | The Court finds this file is admissible as it is relevant and not unfairly prejudicial under Rule 403. The file contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |

| | | | | | |
|---|---|---|---|---|---|
| | | | saved the file in the same compressed folder as other evidence in this case. Finally, the file was originally downloaded from the internet, satisfying the interstate commerce prong. | | |
| **229** | Image File | 1; 2; 3 | The file reflects that Defendant sought out content that contained the same TOR[3] address found on his iPad. Further, it shows that Defendant sought illicit content via email communications in support of Count Three. Finally, the storyboards include information of who to email for more child pornography with instructions. | No objection raised. | The Court **EXCLUDES** this file under Rule 403. The image of a child being bound involves the type of sadistic content that raises the risk of unfair prejudice under *Cunningham*. |
| **231** | Mp4 video (2:44) | 1; 2; 3 | The video goes to Defendant's knowledge that he received illicit child pornography on his iPad. It also demonstrates his intent to seek out child pornography. This video is identical to Exhibit 208. | No objection raised. | The Court **EXCLUDES** this video under Rule 403 as cumulative. It is identical to Exhibit 208, greatly reducing its probative value and subjecting the jury to rewatching the same content increases the likelihood of unfair prejudice to Defendant. |
| **245** | Cached website file | 1; 3; 4 | The cached website file demonstrates that Defendant sought out illicit content when using VPN[4] and TOR on his iPad. It also demonstrates Defendant's knowledge that he was receiving child pornography on his electronic devices. Further, because it was found on the iPad that Defendant is accused of throwing into the bay, it goes to the obstruction charge. Finally, the manner and means from which it was obtained from the internet supports the interstate commerce element. | No objection raised. | The Court finds this website file is admissible as it is relevant and not unfairly prejudicial under Rule 403. The website file contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **246** | Website File | 1; 2; 3 | This file goes to the intent of Defendant when he was sending email communications related to obtaining child pornography. It also illustrates that Defendant knowingly possessed and received illegal content using VPN and TOR. The file does not contain child pornography. | No objection raised. | The file is relevant and does not contain any child pornography. |

---

[3] "TOR," shorthand for "The Onion Router," is an open-source browser that allows for anonymous internet use.

[4] "VPN" stands for "virtual private network," which is software that provides anonymous internet connection and use.

| 258 | Screenshot | 1; 3; 4 | The screenshot is probative as it shows the Defendant was seeking out child pornography, originated on the internet, and Defendant likely knew it was on his electronic devices when he threw them into the bay. | No objection raised. | The screenshot is admissible so long as the Government **REDACTS** the image of a child with a grimace on her face. The image reflecting a grimace involves sadistic acts towards children and fails Rule 403's balancing test as being unduly prejudicial. *See Cunningham*, 694 F.3d at 390. |
| 259 | Screenshot | 1; 3; 4 | The screenshot demonstrates that Defendant sought out illicit content while using VPN and TOR on his iPad. It also demonstrates Defendant's knowledge that he was receiving child pornography on his devices. Further, because it was on the iPad when Defendant threw it into the bay, it goes to the obstruction charge. Finally, the manner and means from which it was obtained from the internet is relevant for the interstate commerce element. | No objection raised. | The Court finds this screenshot is admissible as it is relevant and not unfairly prejudicial under Rule 403. The screenshot contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| 260 | Screenshot | 1; 3; 4 | The screenshot demonstrates that Defendant sought out illicit content when using VPN and TOR on his iPad. It also demonstrates Defendant's knowledge that he was receiving child pornography on his devices. Further, because it was on the iPad Defendant is accused of throwing into the bay, it goes to the obstruction charge. Finally, the manner and means from which it was obtained from the internet is relevant for the interstate commerce element. | No objection raised. | The screenshot is admissible so long as the Government **REDACTS** the image of a child laying naked on a bed with the child's legs bound by tape. The image reflecting bondage involves sadistic acts towards children and thus fails Rule 403's balancing test as being unduly prejudicial. *See Cunningham*, 694 F.3d at 390. |
| 261 | Photo | 1; 3; 4 | The photograph is a screenshot from Defendant's iPad. It captures a cached image from the TOR browser and depicts a child engaged in sexually explicit activity. It reflects that the electronic device recovered from the bay was used to receive and solicit child pornography. Further, it reflects that Defendant knew that there was child pornography on the iPad before throwing it into the bay. | No objection raised. | The Court finds this photograph is admissible as it is relevant and not unfairly prejudicial under Rule 403. The photograph contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| 262 | Photo | 1; 3; 4 | The photograph is a screenshot from Defendant's iPad. It captures a cached image from the TOR browser and depicts a child engaged in sexually explicit activity. It reflects that the recovered electronic device was used to receive and solicit child pornography. Further, it reflects that Defendant knew | No objection raised. | The Court finds this photograph is admissible as it is relevant and not unfairly prejudicial under Rule 403. The photograph contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |

4

| | | | that there was child pornography on the iPad before throwing it into the bay. | | |
|---|---|---|---|---|---|
| **263** | Photo | 1; 3; 4 | The photograph is a screenshot from Defendant's iPad. It captures a cached image from the TOR browser and depicts a child engaged in sexually explicit activity. It reflects that the recovered electronic device was used to receive and solicit child pornography. Further, it reflects that Defendant knew that there was child pornography on the iPad before throwing it into the bay. | No objection raised. | The Court finds this photograph is admissible as it is relevant and not unfairly prejudicial under Rule 403. The photograph contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **264** | Photo | 1; 2; 3; 4 | The photograph is a screenshot from Defendant's iPad. It captures a cached image from the TOR browser and depicts a prepubescent child engaged in sexually explicit activity. It reflects that the electronic device recovered from the bay was used to receive and solicit child pornography. Further, it reflects that Defendant knew that there was child pornography on the iPad before throwing it into the bay. | No objection raised. | The Court finds this photograph is admissible as it is relevant and not unfairly prejudicial under Rule 403. The photograph contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **413** | Video (0:53) | 2; 4 | The video was found in Defendant's Dropbox account and depicts a prepubescent child engaged in sexually explicit activity. In addition, because the file name of the video was similar to the file names of the images Defendant was shown by the FBI, it demonstrates that Defendant knew that there was child pornography on his devices before throwing them into the bay. | No objection raised. | The Court finds that **the first few seconds** of this video, **not to exceed more than 15 seconds**, are admissible as relevant and not unfairly prejudicial under Rule 403. The first few seconds contain no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **414** | Video (1:51) | 2; 4 | The video was found in Defendant's Dropbox account and depicts a prepubescent child engaged in sexually explicit activity. In addition, because the file name of the video was similar to the file names of the images Defendant was shown by the FBI, it demonstrates that Defendant knew that there was child pornography on his devices before throwing them into the bay. | No objection raised. | The Court finds that **the first few seconds** of this video, **not to exceed more than 15 seconds**, are admissible as relevant and not unfairly prejudicial under Rule 403. The first few seconds contain no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **415** | Video (duration not listed) | 2; 4 | The video was found in Defendant's Dropbox account and depicts a prepubescent child engaged in sexually explicit activity. In addition, because the file name of the video was similar to the file names of the | No objection raised. | The Court finds that **up to 15 seconds** of this video is admissible as relevant and not unfairly prejudicial under Rule 403. The Court does not opine as to which 15 seconds may be played, as it finds the content |

| | | | | | |
|---|---|---|---|---|---|
| | | | images Defendant was shown by the FBI, it demonstrates that Defendant knew that there was child pornography on his devices before throwing them into the bay. | | similar throughout. The video contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **416** | Video (0:15) | 1; 2; 4 | The video was found in Defendant's Dropbox account and depicts a child engaged in sexually explicit activity. In addition, because the file name of the video was similar to the file names of the images Defendant was shown by the FBI, it demonstrates that Defendant knew that there was child pornography on his devices before throwing them into the bay. | No objection raised. | The Court **EXCLUDES** this video under Rule 403. The video depicts a child involved in sexual activity with an adult male while the words "Fuck Me" are written on that child's torso in marker. This is the type of sadistic content that *Cunningham* cautions to exclude. Because the risk of unfair prejudice outweighs the video's probative value, the Court excludes the video in full. |
| **441** | Video (1:23) | 2; 3 | The video was found in Defendant's Dropbox account and depicts a prepubescent child engaging in sexually explicit activity. The video is probative because it provides a link between the material Defendant allegedly solicited to the type of child pornography found on his Dropbox account. In addition, the video depicts a prepubescent child, which goes directly to the Government meeting its burden of proof as to Count Two. | No objection raised. | The Court finds that **the first few seconds** of this video, **not to exceed more than 15 seconds**, are admissible as relevant and not unfairly prejudicial under Rule 403. The first few seconds contain no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **442** | Video (0:33) | 2 | The video was found in Defendant's Dropbox account and depicts a prepubescent child engaging in sexually explicit activity, which goes directly to the Government meeting its burden of proof as to Count Two. | No objection raised. | The Court finds that **up to 15 seconds** of this video is admissible as relevant and not unfairly prejudicial under Rule 403. The Court does not opine as to which 15 seconds may be played, as it finds the content similar throughout. The video contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **443** | Video (1:30) | 1 | The video was found in Defendant's Dropbox account and depicts a child engaging in sexually explicit activity, which goes directly to the Government meeting its burden of proof as to Count One. | No objection raised. | The Court finds that **up to 15 seconds** of this video is admissible as relevant and not unfairly prejudicial under Rule 403. The Court does not opine as to which 15 seconds may be played, as it finds the content similar throughout. The video contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **454** | Video (0:25) | 2 | The video was found in Defendant's Dropbox account and depicts a child engaging in sexually explicit activity, which goes directly to the | No objection raised. | The Court finds that **up to 15 seconds** of this video is admissible as relevant and not unfairly prejudicial under Rule 403. The Court does not opine as to which 15 seconds may be played, as it finds the content |

| | | | | | |
|---|---|---|---|---|---|
| | | | Government meeting its burden of proof as to Count Two. | | similar throughout. The video contains no depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **455** | Video (1:02) | 2 | The video was found in Defendant's Dropbox account and depicts a prepubescent child engaging in sexually explicit activity, which goes directly to the Government meeting its burden of proof as to Count Two. Increasing the probative value of the video, it was contained in a separate folder on Defendant's Dropbox account, displaying Defendant's knowledge and organization of the child pornography. | No objection raised. | The Court finds that **up to 15 seconds** of this video is admissible as relevant and not unfairly prejudicial under Rule 403. But the Court expressly **EXCLUDES** any portion of the video that demonstrates the child grimacing or an adult male ejaculating. That portion of the video is unfairly prejudicial under Rule 403 and shall not be published to the jury. Otherwise, the video contains no other depictions of violence, bondage, sadistic acts, or other unfairly prejudicial features. |
| **461** | Video (0:44) | 2; 3; 4 | The video was found in Defendant's Dropbox account and depicts a prepubescent child engaging in sexually explicit activity, which goes directly to the Government meeting its burden of proof as to Count Two. Moreover, the video provides a link between the content Defendant solicited and the content in his Dropbox account. In addition, because the file name of the video was similar to the file names of the images Defendant was shown by the FBI, it demonstrates that Defendant knew that there was child pornography on his devices before throwing them into the bay. | No objection raised. | The Court finds that **up to 15 seconds** of this video is admissible as relevant and not unfairly prejudicial under Rule 403. But the Government **shall not play any audio during this video**. That is, audio of the child saying "stop" is the type of sadistic and sexually violent content that *Cunningham* prohibits. Playing the video without sound has slight to no impact on the probative value but greatly reduces the chance of unfair prejudice to Defendant. With that, the Court does not opine as to which 15 seconds may be played, as it finds the content similar throughout. The video itself (without audio) contains no depictions of overt violence, bondage, sadistic acts, or other unfairly prejudicial features. |