UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES F. BROWNE, JR. | Criminal Action No. 20-965 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on the United States of America's (the "Government") supplemental motions *in limine*. (ECF No. 79.) Defendant Charles F. Browne, Jr. ("Browne") did not respond. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1(b), which is applicable to criminal cases under Local Criminal Rule 1.1.

The Court hereby incorporates by reference and adopts the facts and procedural background detailed in its Memorandum Opinion (the "Opinion") on the Government's prior *in limine* motions. *United States v. Browne, Jr.*, No. 20-965, 2022 WL 1063953, at *1-2 (D.N.J. Apr. 8, 2022), ECF No. 51. After the Court issued its Opinion, the Government submitted additional pretrial motions asking the Court to rule that certain exhibits are admissible as self-authenticating business records under Federal Rules of Evidence 803(6) and 902(11) (ECF No. 61).[1] The Court granted in-part and denied in-part, without prejudice, the Government's request for a ruling on the admissibility of certain business records. (May 6, 2022 Order ("Order"), ECF No. 67.)

Now before the Court are the Government's subsequent motions *in limine* asking the Court to issue a preliminary ruling on the admissibility of (1) additional exhibits not previously considered by the Court, (2) an amended business certification addressing the Court's previously

---

[1] References to "Rule" or "Rules" hereafter refer to the Federal Rules of Evidence.

articulated deficiencies, and (3) a revised exhibit that purportedly falls under the business record exception to hearsay. (*See generally* Gov't's Third *in Limine* Mot., ECF No. 79.)

**I.    Government's Supplemental Motion *in Limine* on Business Records**

The Rules generally bar the admission of out-of-court statements from being introduced into evidence. Fed. R. Evid. 801. But there are exceptions (and exclusions) to this general rule. *See, e.g.*, Fed. R. Evid. 801, 803-04. Because a "written assertion" classifies as a "statement" under Rule 801(a), documentary evidence can and often does constitute hearsay, too. Fed. R. Evid. 801(a). Relevant here, Rule 803(6) is an exception from the rule against hearsay for certain records should they meet the following requirements:

> **(6) Records of a Regularly Conducted Activity.** A record of an act, event, condition, opinion, or diagnosis if:
>
> **(A)** the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> **(C)** making the record was a regular practice of that activity;
>
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> **(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). As referenced in subsection (D) of this Rule, either a custodian at trial or a qualifying certification is required for authenticating the record. Relevant here, Rule 902(11) reads as follows:

> (11) **Certified Domestic Records of a Regularly Conducted Activity.** The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a

2

>federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11).

Putting it all together, Rule 803(6) is commonly referred to as the "business records" exception to the rule against hearsay and allows records kept in the normal course of business (with no indicia of unreliability) to be admitted into evidence through custodians familiar with the document. Rule 902(11) allows certain documents "that bear sufficient indicia of reliability as to be 'self-authenticating'" to be admitted without the use of extrinsic evidence "by way of a certificate from the records custodian," so long as notice and an opportunity to inspect the evidence in advance of trial is offered. *United States v. Browne*, 834 F.3d 403, 408-09 (3d Cir. 2016). In essence, Rule 902(11) avoids the need for a witness at trial to authenticate the document.

Before the Court is the Government's supplemental motion for an admissibility ruling on several new exhibits, an amended certification, and a revised exhibit. (*See generally* Gov't's Third in Limine Mot.) The Court considers each *in limine* motion in turn.

### A. The Court Grants the Government's Motion as to Exhibits 101, 103, 325, and 408.[2]

On its review of these supplemental exhibits and related certifications, the Court concludes they are admissible business records. The exhibits comprise a mix of generated data charts from technology companies (Exs. 101, 103), subscriber records from internet providers (Ex. 325), and account registration information for file hosting services (Ex. 408). The accompanying

---

[2] As noted in the Court's prior Order, business records authenticated by adequate custodians are generally not considered "testimonial" under the Confrontation Clause. *United States v. Bansal*, 663 F.3d 634, 667 (3d Cir. 2011) (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009)). As such, Browne has no constitutional right to cross-examine the Government's custodial witnesses. *Melendez-Diaz*, 557 U.S. at 324.

certifications reflect that they were made at or near the time of the event, kept in the regular course of business, and certified by an appropriate custodian. Browne fails to demonstrate a lack of trustworthiness in how the records were created or kept in the ordinary course of business, nor can the Court detect any issues on its own review of the documents. *See* Fed. R. Evid. 803(6)(E). Indeed, these documents are more "readily analogized to bank records or phone records conventionally authenticated and admitted under Rules 902(11) and 803(6)." *Browne*, 834 F.3d at 411. The Court therefore finds these exhibits admissible.

      **B.**    **The Court Grants the Government's Motion as to Exhibits 340 and 344.**

The Government resubmits its request for a ruling on the admissibility of two documents provided by PayPal Holdings, Inc. as business records under Rule 803(6) and authenticated through a records custodian certification under Rule 902(11). The last time the Court addressed the Government's *in limine* motion for these exhibits, it held as follows:

> The Government's PayPal investigatory records fail for a separate reason. (*See* Exs. 340-344.) Unlike documents that are facially prepared in the normal course of business, from what the Court can glean, these PayPal Global Investigations exhibits reveal that law enforcement specifically requested the creation of these reports . . . . The Court does not dispute that "a computer printout that merely reproduces a selected subset of data from underlying, electronically stored business records . . . could qualify as a business record, even though it was created expressly for use in the prosecution of [a defendant]." *United States v. Ekiyor*, 90 F. Supp. 3d 735, 742 (E.D. Mich. 2015). It can. But the Government offers a mere "boilerplate 'Certificate of Authenticity' executed by [Frank Cannata] [that] does not satisfy this prerequisite, as it does nothing more than simply parrot the language of Rule 803(6), without offering any details as to the sorts of" records that are maintained and the manner in which these records are generated and stored. *Id.* at 743. At least at this stage, the Government has failed to show this document is self-authenticating under Rule 902(11) or a business record under Rule 803(6).

(Order 8-9.)

The Government returns with an amended PayPal custodian certification, contending that the Court's concerns have been addressed. (Gov't's Third *in Limine* Mot. 2-3.) Specifically, the

Government argues that the amended certification "makes clear that the information in the activity logs . . . is recorded at or near the time a user logs into PayPal in the normal course of PayPal's business and are maintained and stored in PayPal's system in the routine course of its business." (*Id.* at 3.) The Government buttresses this assertion by illustrating that Exhibits 340 and 344 contain data generated when Browne registered his PayPal account years ago. (*Id.*)

The Court agrees and finds that the PayPal exhibits are admissible at trial. As noted by the Government, "evidence that has been compiled from a computer database is also admissible as a business record, provided it meets the criteria of Rule 803(6)." *U-Haul Int'l, Inv. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043 (9th Cir. 2009). The fact that a company collected otherwise admissible business data at the request of a government entity "does not deprive the printouts of its business-record character." *United States v. Fujii*, 301 F.3d 535, 539 (7th Cir. 2002); *see also United States v. Ekiyor*, 90 F. Supp. 3d 735, 742 (E.D. Mich. 2015) (finding that a computer printout is not barred from qualifying as a business record simply because it was pulled for a criminal prosecution). On the Court's own review of the exhibits, they contain time-stamped activity logs from 2018, and appear to be routine logs of Browne's activities with PayPal. (*See* Ex. 340.) Thus, because the records contain information generated in the normal course of PayPal's business at or near the time of creation, and the amended certification demonstrates PayPal's custodian meets the requirements of 902(11), the Court determines that these exhibits are admissible.

### C. The Court Grants the Government's Motion as to Exhibits 354.

Last, the Government moves for an admissibility determination of Exhibit 354, an employment eligibility form that was purportedly kept by a secretary at SJM Partners, Inc. ("SJM Partners"), the parent company of the Liberty Grove Crematory ("Liberty Grove") where Browne worked for several years. (Gov't's Third *in Limine* Mot. 4 (citing Ex. 354).) According to the

5

Government, SJM Partners (i) maintained Liberty Grove's employment records, (ii) officially employed Browne, and (iii) paid Browne's salary. (*Id.*) Because this employment eligibility form was maintained by SJM Partners in the normal course of business and maintained by an employee with knowledge of the material who routinely kept these types of records, the Government avers it falls within Rules 803(6) and 902(11). (*Id.*) Further, the Government argues that the handwriting on an employment form that appears to be Browne's in that it lists his name, address, and contact information, accompanied by Browne's signature on the employment form, is a statement of a party opponent under Rule 801(d)(2)(A), excluding it from the realm of hearsay. Browne did not oppose this motion.

The Court concludes the record is admissible under the relevant hearsay and authenticity rules. *First*, to satisfy the potential hearsay within hearsay issue under Rule 805, the Government's argument prevails that any handwritten statements by Browne in this document, accompanied by his signature, is a statement of the defendant—a party opponent. Fed. R. Evid. 801(d)(2)(A) ("The statement is offered against an opposing party and . . . (A) was made by the party in an individual or representative capacity; [or] (B) is one the party manifested that it adopted or believed to be true."); *McQueeney v. Wilmington Tr. Co.*, 779 F.2d 916, 930 (3d Cir. 1985) (noting that records filled out by a party are admissible nonhearsay under Rule 801(d)(2)(A) against that party).

*Second*, the Court is satisfied that the Government made the requisite showing that, under Rule 803(6), the document is a record of a regularly conducted activity, that is, it was made at or near the time of the events by or from someone with knowledge, it was kept in the ordinary course of business, it was a regular practice of that organization to make or maintain this record, and a qualified witness or custodian can satisfy these requirements.[3] Fed. R. Evid. 803(6)(A)-(D). SJM

---

[3] Because Browne failed to object to the Government's motion *in limine*, he presents no evidence that this document is untrustworthy. In any event, the Court's own review of this document does not identify any trustworthiness concerns. Fed. R. Evid. 803(6)(E).

6

Partners "regularly verified" the system of collecting employment eligibility documents before hiring individuals. (*See* Cert. of Tamara DePaolis.) It then kept this information stored in its systems throughout and after the duration of an employee's employment. (*See id.*) The employment records were also central to SJM Partners maintaining adequate payroll records. (Gov't's Third *in Limine* Mot. 4.) To be sure, the Government returns not with the lengthy employment packet denied by the Court previously but with the one-page employment eligibility form that SJM Partners submitted to the Department of Homeland Security when hiring Browne. (*Compare* Order 9, *with* Ex. 354.) The Court's initial concerns, therefore, have been met.

*Third*, as to the proffered custodian (vis-à-vis her certification), the Court is satisfied that Tamara DePaolis ("DePaolis"), SJM Partners' secretary, "would be qualified to testify as a custodial or other foundation witness." *Rambus, Inc. v. Infineon Techs. AG*, 348 F. Supp. 2d 698, 702 (E.D. Va. 2004). She attests to being familiar with how the records were created, stored, and retrieved, and further attests to certifying that the record is a duplicate of the original. (Cert. of Tamara DePaolis.) DePaolis's certification illustrates that she "has sufficient knowledge of the record-keeping system and the creation of the contested record to establish [its] trustworthiness." *United States v. Hernandez*, No. 98-4378, 1998 WL 841504, at *2 (4th Cir. 1998) (citing Fed. R. Evid. 803(6)) (unpublished).

*Finally*, "because Rule 902(11) contains the same requirements, and almost the same wording, as Rule 803(6)," the Court conducts a similar analysis in determining whether the custodian's certification adequately authenticates the record. *Rambus, Inc.*, 348 F. Supp. 2d at 701. That is, so long as a custodian qualifies under Rule 803(6), "the declaration permitted by Rule 902(11) serves the same purpose as authenticating testimony." *Id.* Here, as explained above, DePaolis satisfies the requirements of Rule 803(6), thus also meeting the requirements of Rule 902(11). In any event, "[t]here is no single way . . . to authenticate evidence," and "a document's

appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances, can, in cumulation, even without direct testimony, provide sufficient indicia of reliability to permit a finding that it is authentic." *United States v. Garcia*, 452 F.3d 36, 40 (1st Cir. 2006) (quoting *United States v. Holmquist*, 36 F.3d 154, 167 (1st Cir. 1994)). The circumstances around this employment record warrant sufficient reliability to certify the record under Rule 902(11): the government-mandated employment record was kept by Browne's employer since 2014; the record contains identifying information of Browne, such as his date of birth, address, and social security number; and the handwritten information containing Browne's purported email address and phone number match other reliable (and admissible) business records. (*E.g.*, *Compare* Ex. 354, *with* Ex. 342.) Thus, given the "absence of any evidence to refute what the [record], on its face, revealed," it has sufficient indicia of reliability to be found authentic. *Garcia*, 452 F.3d at 40. Having met the requirements of Rules 803(6) and 902(11), the Court finds Exhibit 354 admissible.

## II.     Order

Based on the foregoing, and for other good cause shown,

**IT IS THEREFORE**, on this 9th day of June 2022, **ORDERED** as follows:

1. The Government's motions *in limine* regarding the admissibility of certified business records (ECF No. 79) are **GRANTED**.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**