UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES F. BROWNE, JR. | Criminal Action No. 20-965 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on several motions and requests by the United States of America (the "Government") and Defendant Charles F. Browne, Jr. ("Browne") regarding the jury instructions in this matter and the proper characterization of certain uncharged conduct. (*See* ECF No. 86.) The parties raised additional arguments at a hearing before the Court. The Court has carefully considered the parties' submissions and issues this written order.

**A.   Government's Renewed Motion to Treat Uncharged Conduct as Intrinsic to Count Four**

*First*, the Government renews its request for a finding that data found on the electronic devices that show the device's user sought out and visited websites containing child pornography is intrinsic to the offenses. Specifically, the Government references evidence such as internet browser history, cache files, zip-files, and related electronic information from outside of the time period charged in the Superseding Indictment. The Court previously ruled it was admissible under Federal Rule of Evidence 404(b) and invited the Government to renew its motion to treat the evidence as intrinsic to Count Four (obstruction) at trial. (ECF 51, at 5.) With the benefit of trial, the Court agrees with the Government that this conduct is intrinsic to the obstruction charge. To start, the Government provided evidence at trial that the devices Browne threw into the bay contained metadata and search history that suggests the user was seeking out child pornography. Because such searches and metadata could have been used by the Government in its investigation into child pornography, it is intrinsic to the obstruction charge; to wit, that metadata could have

been intentionally destroyed to "conceal" or "cover up" the electronic records "with the intent to impede, obstruct, and influence the [federal] investigation," necessary elements of the obstruction charge. 18 U.S.C. § 1519. Thus, because that data "directly proves the charged offense" as to Count Four, the Court finds it admissible as intrinsic evidence. *United States v. Green*, 617 F.3d 233, 248 (3d Cir. 2010).

**B.     Defendant's Request for a Modified Eyewitness Identification Charge**

Next, Browne proposes a modified version of the Third Circuit's Model Criminal Jury Instruction entitled "Eyewitness Identification of the Defendant." *See* Third Circuit Model Criminal Jury Instructions, 4.15. Although Browne agrees that eyewitness identification is not at issue in this case, he nonetheless undertook an effort to rewrite the model instruction so that it only addresses identification of a defendant generally. In full, it reads:

> **Identification of the Defendant**
> One of the most important issues in this case is whether Charles Browne is the same person who committed the crime(s) charged in the indictment. The government, as I have explained, has the burden of proving every element, including identity, beyond a reasonable doubt. You must be satisfied beyond a reasonable doubt based on all the evidence in the case that Charles Browne is the person who committed the crime(s) charged. If you are not convinced beyond a reasonable doubt that Charles Browne is the person who committed the crime(s) charged in the indictment, you must find Charles Browne not guilty.

(Def.'s June 23, 2022 Correspondence.) The Government objects, arguing that the instruction was cut from whole cloth, not supported by the Third Circuit's Model Jury Instructions, and may contradict other instructions, such as the "Knowingly" charge.

The Court finds that this proposed charge is inappropriate and denies Browne's request to include it. *First*, the charge is blue penciled from a Third Circuit model charge that all parties agree is inapplicable. *Second*, the Court disagrees that this charge is necessary to instruct the jury on the relevant laws because the jury will already receive *mens rea* instructions, like the "Knowingly"

2

instruction. That charge instructs jurors that the Government must prove Defendant "was conscious and aware of the nature of his actions and of the surrounding facts and circumstances." *See* Third Circuit Model Criminal Jury Instructions, 5.02. Thus, naturally, the jury must consider whether the Government sufficiently identified Browne as the individual responsible for the charged conduct in assessing whether the Government met its burden of proving Browne knowingly possessed the child pornography. Because Browne's proposed instruction is duplicitous and not based in law, the Court denies his request to charge the jury with it.

### C. Jury Charge that First Amendment is Not a Defense

Last, the Government initially requested that the jury be instructed that the First Amendment is not a valid defense to child pornography charges. After Browne argued that he did not present any evidence supporting a First Amendment defense, and further proffered that on closing Browne will not argue this point, the Government agreed that the charge is unnecessary. The Court therefore will not instruct the jury on the "First Amendment Not a Defense" charge.

Based on the foregoing, and for other good cause shown,

**IT IS THEREFORE**, on this 24th day of June 2022, **ORDERED** as follows:

1. The Government's renewed motion to characterize certain uncharged prior bad acts as intrinsic evidence to Count Four is **GRANTED**.

2. Browne's request for a modified eyewitness identification charge is **DENIED**.

3. Browne's request for removal of the jury charge "First Amendment Not a Defense" is **GRANTED**.

                                                                                                    /s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**