**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES F. BROWNE, JR. | Criminal No. 20-965 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Charles F. Browne, Jr.'s ("Browne") Motion for Judgment of Acquittal and Motion for a New Trial. (ECF No. 113.) The United States of America (the "Government") opposed (ECF No. 116), and Browne did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal Rule 1.1. For the reasons below, Browne's Motions are denied.

**I.    BACKGROUND**

**A.    Charged Offenses**

In December 2021, a federal grand jury returned a Superseding Indictment against Browne on four charges of (1) receipt of child pornography, (2) possession of prepubescent child pornography, (3) soliciting child pornography, and (4) concealment of objects to impede a federal investigation. (Super. Indict., ECF No. 40.) The parties engaged in a series of motion practice before the Court and prepared for trial in June 2022.

**B.    Jury Trial**

The Court held a non-consecutive, five-day jury trial from June 14, 2022, through June 27, 2022. (*See* ECF Nos. 95-102.) The Government called as witnesses several law enforcement

officers, special agents of the Federal Bureau of Investigation ("FBI"), citizens that observed the relevant events, a custodian for the software company Dropbox, Browne's employer at the Liberty Grove Crematorium (the "Crematorium"), a custodian for the Ocean Medical Center, and an expert in data forensics.

The evidence presented by the parties at trial can be summarized as follows. In December 2015, an individual created a Dropbox account using the name "Charles Browne" with an associated email address of "cbrowne651@gmail.com." (Gov't's Ex. 407.) The mobile devices linked to the Dropbox account as of September 17, 2017, included an iPhone and an iPad "Model 3,5." (Trial Tr. 181-82; Gov't's Ex. 400.) At some point before September 18, 2017, employees at Dropbox learned that suspected child pornography was located on files associated with the "Charles Browne" account and disabled the account without notification. (Trial Tr. 184-85; Gov't's Ex. 408.) That account contained more than 70 videos of child pornography, images of child pornography, and a resume for "Charles Browne," which listed Browne's home address at the time and his employment history. (Trial Tr. 260-61, 306-09; Gov't's Exs. 1, 2, 403, 405.)

That same September day, shortly after the "cbrowne" account was disabled, a new Dropbox account was created with the email address "aljokr@aol.com" with an IP address connected to the Liberty Grove Crematorium at the Mount Hebron Cemetery. (Trial Tr. 204-07, 276, 286; Gov't's Exs. 310, 314, 480.) At the time, Browne was employed at the Crematorium to perform cremations, typically during the night shift where he worked by himself. (Trial Tr. 206-07.) Browne's boss testified that Browne often carried an iPhone and iPad when he was working at the Crematorium. (Trial Tr. 207.) Apple records and metadata reflect the same. (Gov't's Exs. 101, 103.) And for good measure, the "aljokr" account was associated with the same IP address as the then-disabled "cbrowne" account. (Trial Tr. 275-276; Gov't's Exs. 310, 314.) Browne later told law enforcement that the "cbrowne" email account was his (Gov't's Ex. 6T, at

2

21)[1] and told the jury at trial that the "a1jokr" email was also his (Trial Tr. 577).

At some point, Dropbox referred its findings of the "cbrowne" account to law enforcement and the FBI subsequently began investigating the account. (Trial Tr. 34.) Using the account information obtained from Dropbox, FBI agents identified Browne as a person of interest and began surveilling his home in Toms River, New Jersey. (Trial Tr. 34, 55, 58.) On the morning of April 8, 2019, law enforcement stopped Browne while he was driving near his home and held a nearly hour-long conversation with him regarding the "cbrowne" account. (Trial Tr. 58, 62; Gov't's Ex. 6T.) Browne conversed with law enforcement about his electronic devices and where they were located at that moment; the images of child pornography found on the "cbrowne" account, including the two homemade images that law enforcement told Browne were particularly concerning; whether Browne had a Dropbox account (which he denied); and the resume seemingly belonging to Browne stored near the child pornography. (*See generally* Gov't's Ex. 6T.)

At trial, Browne admitted that immediately after he spoke to law enforcement about child pornography on April 8, he went to his car, retrieved his iPad and iPhone from his vehicle, and then walked a few blocks to throw them both into the bay. (Trial Tr. 542-46.) Several observers watched a man walk around the Cedar Bay Beach Club area, and at least one witness saw a man drop something into the water. (Trial Tr. 102-28.) Location data corroborates that the electronic devices followed this same trajectory from Browne's car to the bottom of the bay. (Gov't's Exs. 50-51, 59; Trial Tr. 163-64.) Browne declined to throw a third device—a black iPhone attached to the front of his car's console—into the bay; a device that on subsequent review by law enforcement was found *not* to contain any child pornography. (Trial Tr. 44-46, 216; Ex. 110.) After law enforcement interviewed Browne, activity on the "a1jokr" account substantially diminished. (Trial

---

[1] References to exhibits that end in "T" signifies that the exhibit was a transcript of an audio recording played for the jury at trial.

Tr. 281-83; Gov't's Ex. 312.) Browne did not contest at trial that he destroyed the devices, telling the jury that he "did it." (Trial Tr. 552, 585.)

While Browne embarked to dispose of the electronic devices, law enforcement officers interviewed his wife, Tami Browne, and searched Browne's residence for evidence. (Trial Tr. 37-38, 51-52.) When Browne returned to his home after forty minutes or so, law enforcement became suspicious when Browne had his backpack and coffee mug from his car but was without his electronic devices. (Trial Tr. 38, 40-01, 213-14.) When law enforcement asked Browne how he got into his vehicle (because it was locked and he did not have his keys), he told them that it was an old car that he could access without his keys. (Trial Tr. 41.) Perceiving Browne to be acting "smug" and as if he got away with something, law enforcement canvassed the neighborhood and spoke with neighbors who reported seeing Browne near the bay, and one witness saw a man throwing objects into the water. (Trial Tr. 17, 41.) Equipped with that information, the FBI used a dive team to search the bay. The team subsequently recovered an iPad and iPhone from the water. (Trial Tr. 198-203.) Next, law enforcement sent the devices to their facilities for processing, and they were able to successfully extract the devices' data, despite the devices employing a four-digit passcode for security measures. (Trial Tr. 72, 170-75; Gov't's Ex. 82.)

On further review, law enforcement determined that the iPad was configured to the "cbrowne" and "a1joker" email addresses, contained applications with child pornography, and contained compressed files and html files with child pornography that were saved to the device. (Trial Tr. 345, 348, 350-56, 364-65, 376-77; Gov't's Exs. 200, 202, 207, 240-41, 312, 316.) A search of the iPad's web history revealed numerous attempts to obtain child pornography, with some websites unambiguously referring to the illicit content. (Gov't's Ex. 270 (reflecting a user visited "Illegal Child Porn Collection (5-15)" website).) What's more, the FBI discovered that the iPad contained emails from "a1jokr" to various other recipients like "mikahamCP@hotmail.com"

4

that requested "vids," with one email asking the recipient to "[p]lease send any. Like screaming and crying, best when forced."[2] (Gov't's Exs. 280-282.) Based on the metadata and IP records, the Government witnesses believed that the emails were sent from the Crematorium. (Trial Tr. 375; Govt's' Exs. 281, 282, 312, 317.) When examining the iPhone found in the bay alongside the iPad, the FBI identified other indicia of child pornography and email communications related to those found on the iPad. (Trial Tr. 270-72.)

In June 2020, a little over a year after the FBI's initial interview with Browne and subsequent seizure of his submerged devices, Browne was arrested. (ECF No. 4.) A month post-arrest, Browne had a conversation with his brother Scott Browne ("Scott") where they discussed how law enforcement had a video of Browne "dumping" the electronics and, therefore, should the case proceed to trial, Browne had to play a "part" for the jury, whatever that means. (Gov't's Ex. 301T.) Law enforcement covertly recorded the conversation and played it for the jury at trial. (*Id.*)

After the Government rested its case-in-chief, Browne called his children to the stand. At bottom, his children testified that the iPad and Browne's iPhone were accessible to anyone in the house (*e.g.*, Trial Tr. 421-24), that Scott typically stayed at Browne's house and used the iPad (*e.g.*, Trial Tr. 447-49), and that Browne was technologically inept (Trial Tr. 450). Browne took the stand and testified that (i) the iPad isn't really his, but a family iPad used by all (Trial Tr. 547-49), (ii) he sometimes took the iPad to work (Trial Tr. 548), (iii) he threw the iPhone and iPad into the bay on April 8 (Trial Tr. 552), and (iv) his brother, Scott, may have committed the offenses, or at least had the opportunity to, if not someone else in his household (Trial Tr. 525-27). Browne denied

---

[2] A witness for the Government testified before the jury that "CP" is often shorthand for "child pornography." (Trial Tr. 256.)

possessing any of the child pornography or knowing that it was located on the devices before he spoke with law enforcement. (Trial Tr. 546-48.) The defense then rested, and the parties conducted summations. (Trial Tr. 646-727.) At bottom, Browne did not challenge the nature of the videos or pictures but rather rebuffed that he was the one responsible for downloading them or soliciting child pornography through email. (*See* Trial Tr. 525-552.)

The jury deliberated for an hour-and-a-half before returning a guilty verdict on all counts. (Trial Tr. 724-28.)

## II. LEGAL STANDARD

### A. Motion for Judgment of Acquittal

Federal Rule of Criminal Procedure 29(a)[3] provides that "[a]fter the [G]overnment closes its evidence . . . the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "[W]hen a court reserves decision on a motion for judgment of acquittal[,] 'it must decide the motion on the basis of the evidence at the time the ruling was reserved.'" *United States v. Taylor*, 559 F. App'x 122, 124 n.3 (3d Cir. 2014) (quoting Fed. R. Crim. P. 29(b)).

"[A] defendant who asserts that there was insufficient evidence to sustain a conviction shoulders 'a very heavy burden.'" *United States v. Tiangco*, 225 F. Supp. 3d 274, 278-79 (D.N.J. 2016) (quoting *United States v. Anderson*, 108 F.3d 478, 481 (3d Cir. 1997)). "In ruling on a motion for judgment of acquittal, the [d]istrict [c]ourt reviews the record 'in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt[] beyond a reasonable doubt based on the available evidence.'" *United States v. Ollie*, 624 F. App'x 807, 811 (3d Cir. 2015) (alteration in original) (quoting *United States v. Brodie*, 403 F.3d

---

[3] Hereafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Criminal Procedure.

123, 133 (3d Cir. 2005)). "A finding of insufficiency should be confined to cases where the prosecution's failure is clear." *Brodie*, 403 F.3d at 133 (internal citation omitted).

    **B.**    **Motion for a New Trial**

Under Rule 33(a), the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Evidence is not viewed favorably to one side or the other, instead the Court "exercises its own judgment." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002).

A district court "can order a new trial only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *United States v. Silveus*, 542 F.3d 993, 1004-05 (3d Cir. 2008) (internal quotation marks and citation omitted). A new trial is required when evidentiary errors "so infected the jury's deliberations that they had a substantial influence on the outcome of the trial." *United States v. Thornton*, 1 F.3d 149, 156 (3d Cir. 1993) (internal quotation marks and citation omitted); *see also United States v. Amirnazmi*, 648 F. Supp. 2d 718, 719 (E.D. Pa. 2009), *aff'd*, 645 F.3d 564 (3d Cir. 2011) (A new trial will be granted "if a defendant proves (1) that error occurred at trial, and (2) that error had a substantial influence on the verdict." (citation omitted)). "Motions for a new trial based on the weight of the evidence are not favored." *United States v. Brennan*, 326 F.3d 176, 189 (3d Cir. 2003) (quoting *Gov't of V.I. v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987)). Rule 33 motions are "granted sparingly and only in exceptional cases." *Silveus*, 542 F.3d at 1005 (internal quotation marks and citation omitted).

**III.    <u>DISCUSSION</u>**

Browne moves for a motion for judgment of acquittal or, in the alternative, for a new trial. (Def.'s Moving Br. 1, ECF No. 113.) In support of these motions, Browne argues that the jury returned a verdict against the weight of the evidence because the Government presented

7

insufficient evidence to meet its burden on Counts One, Two, and Three (the "Child Pornography Counts"). (*Id.* at 2.) Browne admitted guilt as to Count Four, the obstruction count, and does not challenge that guilty verdict. (*See id.* n.1.) Rather, Browne "concedes that the [iPad] device 'associated' with Charles Browne contained child pornography" but narrows in on the Government's burden to prove beyond a reasonable doubt that it was Browne who "downloaded the illegal material." (*Id.* at 2-3.) In attacking Count Three, solicitation, Browne argues that although his email account sought out child pornography, the Government failed to prove that he sent the incriminating emails. (*Id.* at 3.) Because, according to Browne, the Government failed to prove "the most essential element of identity," the Court should throw out the jury's verdict or at least order a new trial. (*Id.*)

The Government counters that there was overwhelming evidence to support the jury's verdict on the Child Pornography Counts. (*See generally* Gov't's Opp'n Br., ECF No. 116.) *First*, the Government argues that it provided substantial evidence that Browne owned the iPad, which he used frequently to solicit and collect child pornography. (*Id.* at 23-24.) Alternatively, even if doubt existed that Browne solely owned the iPad, the evidence still supported that Browne exercised considerable control over the device and knowingly received and possessed child pornography on the iPad. (*Id.* at 28-30.) *Second*, the Government avers that the jury's verdict was supported by evidence that Browne knowingly received child pornography, in accordance with the recognized *Miller* factors used to determine sufficiency of the evidence. (*Id.* at 24-27 (citing *United States v. Miller*, 527 F.3d 54, 67-69 (3d Cir. 2008).) *Third*, the Government contends that the evidence sufficiently established that Browne knowingly possessed prepubescent child pornography and solicited child pornography in support of Counts Two and Three. (*Id.* at 32.) For those reasons, the Government urges the Court to deny Browne's motions.

Because Browne and the Government focus on identity and knowledge, the Court

8

addresses only the elements of the offenses related to whether it was Browne who committed the illegal acts.

### A. Browne Failed to Meet his Burden in Showing the Verdict Must be set Aside.

Starting with Count One, the Government indicted Browne for receiving or attempting to receive child pornography in violation of 18 U.S.C. 2252A(a)(2)(a). (Super. Indict., ECF No. 40.) The Government was tasked at trial with proving that Browne knowingly received child pornography, that the illicit materials were sent through interstate or foreign commerce, and that Browne believed them to be child pornography. (Trial Tr. 620-21.) To establish that the materials were child pornography, the Government showed the jury pictures and videos found on the devices, called an expert witness in the field of child exploitation, and explained the contents' titles that highlighted it was a minor victim, such as "forbidden child porno galleries" and other similarly descriptive titles. (Trial Tr. 378.) The Court finds that the jury could have reasonably concluded the material was child pornography, which Browne does not directly contest.

Next, to prove knowledge and that Browne was the individual possessing the child pornography, the Government argued to the jury that the sheer number of images and videos, over 1,000, demonstrated that Browne was building a collection, and possessing the pornography was not an inadvertent mistake. (*See* Trial Tr. 655.) In addition, the Government used Apple records to demonstrate: that Browne registered the device; that his email addresses were frequently used on the iPad; that he sent and received emails on that device; that location data shows the iPad traveled from Browne's house to the Crematory and back; that Browne's family acknowledged the iPad was often with Browne; that his boss testified that Browne routinely had his iPad during overnight shifts at the Crematorium; that Browne had the iPad with him when stopped by law enforcement in April 2019; and that the iPad was passcode protected when it was thrown into the bay. (Trial Tr. 651-52; Gov't's Exs. 280-282, 312).) To top it off, the Government used Browne's own

9

statements that he made to law enforcement to show that he denied ownership of any iPad and lied about where the device was located—arguably demonstrating consciousness of guilt. (Trial Tr. 721.) What's more, the jury heard Browne's conversation with Scott after he was arrested that could reasonably be interpreted as scheming up a plot to dupe the jury. (Gov't's Ex. 301T.) At trial, the Government focused on proving identity, and its case-in-chief methodically presented evidence to support a finding of guilt.

The Court finds that the evidence presented at trial sufficiently established the knowledge element and demonstrated identity. For starters, the jury could have reasonably found that because Browne lied about his owning (and the whereabouts of) the iPad, he was hiding something. *United States v. Carr*, 25 F.3d 1194, 1206 n.7 (3d Cir. 1994) (concluding that jury could permissibly conclude lying to law enforcement was an inference of guilt). Bolstering this finding, the jury could have concluded that Browne's admission to trying to destroy the iPad meant he knew of the illegal content it harbored. The jury was not required to accept Browne's excuse that he was trying to protect someone in his family that may have downloaded the child pornography. *See FedEx Ground Package Sys., Inc. v. Applications Int'l Corp.*, 695 F. Supp. 2d 216, 222 (W.D. Pa. 2010) (citation omitted) (noting that jury's role is to determine credibility). Nor was the jury required to believe that it was mere coincidence that Browne decided to destroy both electronic devices that contained child pornography but not the other iPhone that was clean. (Trial Tr. 44-46, 216; Ex. 110.) To be sure, the geolocation tracking of the iPad from Browne's home to the Crematorium on a frequent cycle allowed for a reasonable inference that Browne often controlled (if not outright possessed) the iPad. The existence of a passcode on the iPad only sharpened the Government's possession argument. (Trial Tr. 170-75.)

But there was even more evidence for the jury to consider. Two email addresses associated with Browne were used to solicit child pornography. (Gov't's Exs. 200-02, 280-82, 310, 407.)

Perhaps even more fatal, Browne's resume was stored in a folder beside the child pornography (Gov't's Exs. 1, 2, 403, 405), the images were unambiguously labeled as to their content (Trial Tr. 378), and extensive web history shows that the iPad was used to search for child pornography in between routine Google searches (Gov't's Ex. 270). Even if other members of Browne's household had access to his iPad generally, the Government referenced metadata and IP records to demonstrate that child pornography was accessed at times when only Browne and his wife were at their house with the device. (*See* Trial Tr. 191-96 (testimony that Browne's son was admitted to hospital on certain dates that overlap with the iPad accessing child pornography).) Simply because other individuals may have accessed the device does not undermine the jury's finding that it was Browne conducting the illegal activity. *See United States v. Miller*, 765 F. App'x 752, 756 (3d Cir. 2019) (finding that joint ownership of a device is insufficient to overturn a verdict).

Finally, Browne took the stand and the jury was entitled to assess his credibility, along with the credibility of his children and all the Government's witnesses. The Court should not reweigh the evidence so long as the jury's conclusions were reasonable. That is, "[i]t is not for the [C]ourt on a Rule 29 motion to make credibility determinations: '[A] trial judge [is] not entitled to set aside [a] guilty verdict simply because he would have reached a different result if he had been the fact-finder.'" *United States v. Autuori*, 212 F.3d 105, 118 (2d Cir. 2000) (alteration in original). The jury may have found Browne's omissions or lies to law enforcement on April 8, 2019, enough to disregard his testimony on the stand. *See United States v. Williams*, 390 F.3d 1319, 1326 (11th Cir. 2004) (finding that when the defendant takes the stand and denies his guilt, and corroborative evidence exists, the jury may rely on defendant's denial in establishing elements of offense). Browne's testimony aside, the jury reviewed enough geographical data and other documentary evidence to link the child pornography to Browne.

In sum, the Court does not face a difficult decision in upholding the jury's verdict on Count

One. The evidence is sufficient to justify denying Browne's motion.

The Court need not spend long on Counts Two or Three, either, because its above analysis applies in equal force to the remaining overlapping counts. As to Count Two, the Government must prove at trial that Browne knowingly possessed prepubescent child pornography, or pornography with a minor that is under twelve years old. 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).[4] To prove possession, the Government relied on the same evidence described above, including that the images and videos were on the iPad in Browne's car on April 8, 2019; that the images were contained in a Dropbox account next to Browne's resume; and that geolocation data demonstrates that the iPad accessed child pornography websites at Browne's home and the Crematorium. (Trial Tr. 646-48.) As to Browne's knowledge, the Government showed the jury the descriptive file names that often included the age of the child, description of the sexual act, and other information—all of which the Government's expert explained to the jury. (*E.g.*, Trial Tr. 653.) The Court therefore again finds the evidence sufficient to support the jury's verdict.

The additional element here is that some of the child pornography contained prepubescent minors under the age of twelve. To prove this element, the Government called Special Agent Matthews, an expert in the field, to walk the jury through the minors' ages that appeared in the pornography, as well as the terminology referenced in the titles. (*E.g.*, Trial Tr. 243 ("So this file refers to [an] 11-year-old? [A.] That's the title of the file."), Trial Tr. 247 ("Agent Matthews, what are we seeing here? [A.] An adult male having sex with a prepubescent minor female.").) Because after watching the videos, reviewing the images, and listening to Special Agent Matthews's opinion on the age of the children the jury could have reasonably found the material to be

---

[4] The Government had to prove that the child pornography traveled through interstate commerce, which it easily satisfied through witness testimony that Dropbox utilizes the internet. (Trial Tr. 673.)

prepubescent child pornography, the Court will not disturb the Count Two verdict.

As to the last challenged count, Count Three, the Government must prove that Browne solicited child pornography in violation of 18 U.S.C. § 2252A(a)(3)(B) by "request[ing] to obtain child pornography." *United States v. Williams*, 553 U.S. 285, 293 (2008). One violates the statute by seeking or attempting to induce a transfer of child pornography from one person to another. *See id.*; 18 U.S.C. § 2252A(a)(3)(B). The Government, accordingly, must prove that Browne (1) knowingly solicited child pornography, (2) using interstate or foreign commerce, (3) believing he was communicating in a way to cause another person to believe that the solicited items were child pornography. 18 U.S.C. § 2252A(a)(3)(B). The jury found that the Government met its burden in proving that Browne violated this statute, and the Court will not disturb that verdict.

*First*, the email address that was scrutinized for soliciting child pornography undoubtedly was "associated" with Charles Browne—the "a1jokr" account. (Trial Tr. 523.) Indeed, Browne told the jury that was his email address. (Trial Tr. 577). *Second*, the Government presented evidence that the solicitation emails were sent and received from the iPad and Browne's iPhone, including while the iPad was at the Crematorium. (Trial Tr. 375.) *Third*, the jury heard about emails that were sent to "mikahamcp," and the Government explained to the jury through an expert witness that "CP is an abbreviation for child pornography." (Trial Tr. 256.) What's more, "Mike Ham" responded with instructions on how to access child pornography in December 2018, and someone responded from Browne's personal iPhone three weeks later. (Trial Tr. 382-83.) *Finally*, the jury heard Browne testify and may have recognized patterns between his speech and the tone of the solicitation emails. (*Compare* Ex. 283, *with* Trial Tr. 527.) Therefore, the jury's verdict as to Count Three is supported by the evidence.

In sum, the Government presented substantial evidence to support all counts. On careful review, the Court denies Browne's motion under Rule 29(a), as he failed to meet his "'heavy

burden' in challenging the sufficiency of evidence supporting a conviction." *Autuori*, 212 F.3d at 114. This is not a case where the Government's "failure is clear." *Brodie*, 403 F.3d at 133.

### B. Browne Failed to Meet his Burden in Demonstrating that a New Trial is Warranted.

Having detailed above the depth and thoroughness of the Government's evidence, the Court finds no manifest injustice or extraordinary circumstance that warrants a new trial. *Miller*, 765 F. App'x at 756 ("Because [defendant] cannot prevail on de novo review of his acquittal motion . . . [the court] find no abuse of discretion in the [district court] denying [defendant's] new trial motion on the same grounds." (citing *United States v. Franz*, 772 F.3d 134, 158 (3d Cir. 2014))). The Court's own independent review of the evidence finds that justice does not require a new trial. *Silveus*, 542 F.3d at 1004 ("Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case."). The Court finds no concerns that an innocent person was wrongfully convicted, as many of the facts were conceded by Browne less that he was the individual that possessed, solicited, and accessed the child pornography. As to these aspects, the Government provided substantial evidence that it was Browne's illicit conduct, as summarized above. The Court denies Browne's motion for a new trial.

### IV. <u>CONCLUSION</u>

For the above reasons, the Court denies Browne's motions for judgment of acquittal or for a new trial. The Court will enter an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**