UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

v.

CHARLES F. BROWNE, JR.

Criminal Action No. 20-965 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court upon a Motion to Withdraw as Counsel filed by Carlos Diaz-Cobo, Esq. ("Counsel"), Counsel for Defendant Charles F. Browne, Jr. ("Defendant"). (ECF No. 138.)

On November 4, 2020, Defendant was indicted by a grand jury on the following counts: (1) receipt of child pornography in violation of 18 U.S.C. § 2256(8)(A); (2) possession of prepubescent child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2); (3) distributing and soliciting child pornography in violation of 18 U.S.C. §§ 2252A(a)(3)(B), 2252A(b)(1), and 2252A(b)(1)(2); and (4) concealment of objects to impede a federal investigation in violation of 18 U.S.C. § 1519. (Indictment, ECF No. 16.) Following a jury trial, Defendant was found guilty on all counts. (Jury Verdict, ECF Nos. 103, 104.) Judgment was entered on April 14, 2023. The Court subsequently sentenced Defendant to 180 months imprisonment to be followed by ten years of supervised release. (J., ECF No. 130.) On May 24, 2023, Defendant filed a Notice of Appeal to the Court of Appeals for the Third Circuit. (ECF No. 136; *see also* Court of Appeals Docket No. 23-1925.)

On July 26, 2023, Counsel filed a Motion to Withdraw as Counsel. (ECF No. 138.) In his Motion, Counsel states that he represented Defendant in this case through trial, verdict, and

sentencing. (*Id.*) Counsel now requests leave to withdraw as counsel due to a conflict of interest in the attorney-client relationship. (*Id.*) Counsel also requests that new counsel be appointed to represent Defendant for his appeal. (*Id.*)

As recounted above, Defendant filed a Notice of Appeal which remains pending. (ECF No. 136.) The Motion to Withdraw, therefore, must be denied. Local Appellate Rule 109 for the Court of Appeals for the Third Circuit states in relevant part that:

> Trial counsel in criminal cases, whether retained or appointed, are expected to continue on appeal absent extraordinary circumstances. After the entry of an order of judgment, counsel will not be permitted to withdraw from a direct criminal appeal *without specific leave of this court*.

3d Cir. L.A.R. 109.1 (emphasis added). Under Local Appellate Rule 109, counsel of record's representation continues until the Court of Appeals grants leave to withdraw. A motion to withdraw or request for leave regarding the same, therefore, must be directed to and addressed by the Court of Appeals. *See also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (noting a federal district court generally cannot assert jurisdiction over a case while the matter is pending appeal).

**IT IS THEREFORE**, on this 4th day of March, 2024, **ORDERED** as follows:

1. Defendant's Motion to Withdraw as Counsel (ECF No. 138) is **DENIED**.

                                                                  */s/ Michael A. Shipp*
                                                                  **MICHAEL A. SHIPP**
                                                                  **UNITED STATES DISTRICT JUDGE**